725 F.2d 1373
 39 Fed.R.Serv.2d 197, 220 U.S.P.Q. 945
 JACKSON JORDAN, INC., Appellee,
v.
PLASSER AMERICAN CORPORATION, Appellant.
JACKSON JORDAN, INC., Appellant,
v.
PLASSER AMERICAN CORPORATION and Franz Plasser
Bahnbaumaschinen-Industriegesellschaft m.b.h., Appellees.
 Appeal Nos. 83-1374, 83-1386.
 United States Court of Appeals,
Federal Circuit.
 Jan. 23, 1984.
 
 Alfred H. Plyer, Jr., Chicago, Ill., for appellant.
 Phillip H. Mayer, Chicago, Ill., for appellee; Stephen G. Rudisill, Chicago, Ill., and Samuel J. Webster, Norfolk, Va., of counsel.
 ORDER
 Before DAVIS, SMITH, and NIES, Circuit Judges.
 
 
 1
 Appellees in Appeal No. 83-1386 have moved that the appeal filed by Jackson Jordan, Inc. be dismissed on the ground that it was not timely filed within the 30 days required under Rule 4(a)(1) Fed.R.App.P. For the reasons indicated below, the motion is denied.
 
 
 2
 * In July 1982, Jackson commenced a declaratory judgment suit as to the validity and infringement of Plasser's U.S. Patent No. 3,494,297 in the District Court for the District of Delaware at Wilmington, which was transferred in October 1982 to the U.S. District Court for the Eastern District of Virginia, Norfolk Division (first suit). In March 1983 Jackson filed a second suit in the U.S. District Court for the Northern District of Illinois, Eastern Division, against Plasser for violation of the antitrust laws on the ground that Plasser's '297 patent was obtained by fraud on the U.S. Patent and Trademark Office (second suit). The Illinois suit was transferred to Norfolk in April 1982 and was consolidated with the first suit by a court order dated May 5, 1983, which stated that the two suits were consolidated for trial.
 
 
 3
 The issue of the validity and infringement of Plasser's '297 patent and the issue of fraud before the U.S. Patent and Trademark Office were tried. The antitrust and damages issues were severed for a later trial, if any.
 
 
 4
 On August 8, 1983, the district court held Plasser's '297 patent invalid and entered judgment for Jackson in the first suit. The court also held that Plasser had not engaged in fraud before the Patent and Trademark Office and dismissed the second suit.
 
 
 5
 Plasser filed an appeal of the judgment in the first suit on September 6, 1983; Jackson filed an appeal (designated a "cross-appeal") of the judgment in the second suit on September 13, 1983, within 14 days of Plasser's appeal. Plasser asserts that Jackson's appeal had to be filed within 30 days of the August 8, 1983 judgment since it is a "separate appeal" of the second suit rather than a "cross-appeal" in the first suit, only the latter being entitled, in Plasser's view, to an extended filing period under the Federal Rules of Appellate Procedure.
 
 II
 
 6
 The rules which are applicable here, Fed.R.App.P. Rule 4(a)(1) and (3), read as follows:
 
 
 7
 (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry. If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (3) If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires.
 
 
 11
 Accepting Plasser's assertion that the two suits were consolidated only for purposes of trial, but otherwise retained their separate identity, the issue is whether Fed.R.App.P. Rule 4(a)(3) is restricted in application to an appeal in the same suit. We hold that Rule 4(a)(3) is applicable to any other appeal which may be taken in the consolidated proceeding, even though the consolidation was only for purposes of trial.
 
 III
 
 12
 Plasser would have us read Rule 4(a)(3) as applicable only to "cross-appeals" in a technical sense, that is, only to appeals by one who has been made an appellee in a particular suit. Since the two proceedings below were not fully consolidated into a single suit, Plasser argues that Jackson's appeal was not technically a "cross-appeal," to which the benefit of Rule 4(a)(3) is given. This restrictive interpretation of Rule 4(a)(3) is not required by the language of the rule and is contrary to the expressed intent of the drafters.
 
 
 13
 Looking first at the language used, we point out that Rule 4(a)(3) applies to an appeal by "any other party." Thus, the provision is not limited to an involuntary appellee, but broadly encompasses any other party, including other appellants.
 
 
 14
 The Committee Note of 1966 to Amended Subdivision (a)[1] states:
 
 
 15
 The exception numbered (3) in the first sentence affords additional time for appeal to all parties other than an initial appellant whenever the first appeal taken from a judgment is taken within the 14 days preceding expiration of the time for appeal .... The added time which may be made available by the operation of the provisions is not restricted to cross appeals in the technical sense, i.e., to appeals by parties made appellees by the nature of the initial appeal. The exception permits any party to the action who is entitled to appeal within the time ordinarily prescribed to appeal within such added time as the sentence affords.
 
 
 16
 The exposition in Wright, Miller, Cooper, Grassman, Federal Practice and Procedure Sec. 39.50 n. 17 points out that the term "cross-appeal" does not appear in Rule 4(a)(3) and states:
 
 
 17
 The terms "cross-appeal" and "separate appeals" are not terms of art so far as the appellate rules are concerned. In general parlance, a cross-appeal is one filed by the appellee against the first or only appellant, a separate appeal is an appeal filed by any party other than the first appellant or appellee. Thus, where numerous parties aligned together in the lower court file individual appeals, all but the first are known as "separate appeals."
 
 
 18
 It is not necessary to designate on the notice of appeal or on the other appeal papers that it is a cross-appeal or a separate appeal.
 
 
 19
 The salutary effect of Rule 4(a)(3) is also noted in 9 J. Moore & B. Ward, Moore's Federal Practice Sec. 204.11 (2d ed. Supp.1980):
 
 
 20
 It not infrequently happens that a party is satisfied with a judgment if, but only if, it is to be the final result; that is, if no other party intends to appeal from it. But before the provision under discussion was added in 1966, a party so situated had no certain way of knowing whether any other party intended to appeal. All parties were obliged to appeal within the time regularly fixed for taking an appeal. A party who desired to appeal only if some other party took an appeal either had to forego his desire not to appeal and file a notice of appeal, thereby possibly provoking other appeals that might not have been taken if his had not been; or he had to keep watch at the clerk's office during the final days of the time for appeal in order to be sure that he would learn of the fact of the appeal of another in time to take his own.
 
 
 21
 By allowing a party a period of at least fourteen days in which to appeal after an initial appeal has been taken by any other party, Rule 4(a) goes far toward eliminating the necessity for so-called protective appeals and the wasteful practice of keeping watch at the office of the clerk. If a party files the first notice of appeal filed in the action on the final day of the thirty- or sixty-day period ordinarily allowed, any other party may file a notice of appeal within fourteen days thereafter. [Footnote omitted.]
 
 
 22
 Finally, precedent of this court supports this ruling. In United States v. Bruckmann, 582 F.2d 622, 624, 65 CCPA 90 (1978), a similar question was raised because a "cross-appeal" was filed outside the initial period for appeals but within eight days of the first appeal. The U.S. Court of Customs and Patent Appeals noted the argument as follows:
 
 
 23
 The argument is based on the assumption that a cross-appeal is no more than a separate appeal undertaken by one of the parties below. The syllogism continues that since the time limit for filing appeals is 60 days after the entry of the decision of the Customs Court and Bruckmann filed notice of cross-appeal 68 days after said entry, the separate appeal was untimely and this court lacks jurisdiction of the appeal. We do not agree. The statute gives us jurisdiction to review "any judgment or order of the Customs Court" once a proper application for such review is filed in the office of the Clerk. Of course, only those parties to a proceeding in the Customs Court who appeal are able to improve their legal position .... Rule 4(a) of the Fed.R.App.P. states in part, that "[i]f a timely notice of appeal is filed by a party any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed." The cross-appeal was timely filed. Consequently, the cross-appeal is properly before us.
 
 
 24
 The question of whether the appeal was properly filed is jurisdictional and, thus, of fundamental importance. However, as a practical matter, the effect of this ruling in this case means that all briefs which have been filed are accepted. The issue of fraud was present in Appeal No. 83-1374, and, thus, the issue could have been argued by Jackson as appellee in that appeal without taking an appeal in that case, as Plasser admits.[2] However, since Appeal No. 83-1386, in which the issue of fraud is critical, was properly filed, the sequence of briefs in this case was proper and all arguments will be considered. Further, an issue technically raised in one appeal may be considered in both appeals regardless of the particular brief in which it appears.
 
 IV
 IT IS ORDERED THAT:
 
 25
 The motion to dismiss Appeal No. 83-1386 is denied.
 
 
 
 [1]
 Quoted in 9 J. Moore & B. Ward, Moore's Federal Practice Sec. 203.25 (2d ed. 1980)
 
 
 [2]
 See, Stein, When to Cross-Appeal or Cross-Petition--Certainty or Confusion? 87 Harv.L.Rev. 763, 765 (1974). Plasser also asserts that if unappealed, the decision has res judicata effect, an issue we need not decide