SPRAYTEX, INC., Plaintiff–Appellee,

v.

DJS&T and Homax Corporation, Defendants–Appellants.

No. 96–1172.

United States Court of Appeals, Federal Circuit.

Sept. 23, 1996.

Richard H. Zaitlen, Loeb & Loeb, LLP, Los Angeles, California, submitted the motion to dismiss appeal for lack of jurisdiction, for plaintiff-appellee. With him on the motion were David L. Lubitz and David Victor.

Paul L. Gardner, Christensen, O'Connor, Johnson & Kindness, PLLC, Seattle, Washington, submitted the appellants' response in opposition to appellee's motion to dismiss appeal for lack of jurisdiction for defendants-appellants.

Before RICH, LOURIE, and CLEVENGER, Circuit Judges.

## ORDER

LOURIE, Circuit Judge.

Spraytex, Inc. moves to dismiss DJS&T and Homax Corporation's (Homax) appeal for lack of jurisdiction. Homax opposes.

## BACKGROUND

In March 1995, Spraytex filed an action in the United States District Court for the Central District of California seeking a declaratory judgment of noninfringement of Homax's United States Patent 4,310,095 (the '095 patent).[1] Homax counterclaimed for (1) a declaratory judgment that the Spraytex product was covered by the parties' license agreement, (2) a declaratory judgment that Spraytex was in default for failure to pay royalties and that Homax could terminate the license agreement, and (3) damages for Spraytex's violation of the license agreement.

In August 1995, Spraytex filed a second action, seeking a declaratory judgment of noninfringement, invalidity, and unenforceability of Homax's newly issued United States Patent 5,409,148 (the '148 patent). Homax counterclaimed for infringement of the '148 patent. Both patents are related to a spray texturing apparatus and method, and both actions involve the same Spraytex device. The application that led to the '148 patent was a continuation of the application for the '095 patent.

1. DJS&T owns both patents in this case. Homax states that it is an exclusive licensee and that Spraytex is a non-exclusive licensee under the '095 patent.

The district court consolidated the cases in November 1995. On December 5, 1995, the court granted Spraytex's motion for summary judgment of noninfringement of the '095 patent and stated that "judgment on all claims is entered in favor of Spraytex." The December 5 document contains only the case number for the suit concerning the '095 patent. Homax appealed. No certification of the order was provided pursuant to Fed. R.Civ.P. 54(b).

In its motion to dismiss, Spraytex argues that the December 5, 1995 order is not a final judgment because, *inter alia*, the order did not dispose of the action concerning the '148 patent.[2]

## DISCUSSION

■ This motion presents a question of first impression for this court, namely, whether a judgment that disposes of fewer than all actions consolidated by the district court into one case may be separately appealed. Because this is an issue concerning our jurisdiction, we apply our own law and not the law of the regional circuit. *Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (in banc); *Sanders Assocs., Inc. v. Summagraphics Corp.*, 2 F.3d 394, 395, 27 USPQ2d 1853, 1854 (Fed.Cir.1993).

■ In a case arising in whole or in part under the patent statute, this court has jurisdiction "of an appeal from a final decision of a district court of the United States." 28 U.S.C. § 1295(a). In a case involving more than one claim, there is no final decision until a judgment is entered adjudicating all of the claims. 9 James W. Moore, Moore's Federal Practice ¶ 110.08[1], p. 45 (1996). However, Fed.R.Civ.P. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, Rule 54(b) requires clear and unmistakable direction by the district court before appeal may be taken on less than all claims in a case. In doing so, the court must make an express statement of finality and indicate the lack of a just reason for delay. *W.L. Gore & Assocs., Inc. v. International Medical Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 24 USPQ2d 1195 (Fed.Cir.1992). We review *de novo* a district court's determination whether a judgment is final with respect to one or more claims, while the determination that there was no just reason for delay is reviewed under an abuse of discretion standard. *Id.* at 862, 24 USPQ2d at 1198; *see also Houston Indus., Inc. v. United States*, 78 F.3d 564, 567 (Fed.Cir.1996).

The present case involves two actions consolidated into one, rather than one action involving more than one claim. The fundamental question presented by this case is whether consolidation is to be viewed as merging the actions or whether the actions retain their separate identities for purposes of appellate review. If the actions merge into one for jurisdictional purposes, appeal will be proper, absent certification under Rule 54(b), only after disposition of all of the claims in the consolidated case. If the actions remain separate for jurisdictional purposes despite the consolidation, then appeal will be proper after the disposition of each

---

2. Spraytex also argues that the order did not dispose of the counterclaims in the '095 case. The district court granted summary judgment of noninfringement of the '095 patent. In view of the judge's conclusion that judgment was entered on all claims, it seems clear that the judgment encompassed the question whether the product is covered by the licensing agreement. Thus, both the claim and counterclaims in the '095 case appear to have been adjudicated.

portion of the consolidated case. Our sister circuits have answered this fundamental question in three different ways.[3] We briefly describe the other circuits' views on this jurisdictional question before stating our own view.

The Ninth and Tenth Circuits have ruled that there can be no appeal of a judgment concerning a portion of a consolidated action absent certification pursuant to Fed.R.Civ.P. 54(b). *See Huene v. United States,* 743 F.2d 703, 705 (9th Cir.1984); *Trinity Broadcasting Corp. v. Eller,* 827 F.2d 673, 675 (10th Cir.1987). Generally, those circuits have determined that the actions merge and are similar to a case with several claims or counterclaims. Thus, in those circuits, certification pursuant to Fed.R.Civ.P. 54(b) is required for separate appeals in consolidated actions.

In the First and Sixth Circuits, however, separate appeals are permitted of judgments disposing of fewer than all claims in a consolidated case. *See Albert v. Maine Cent. R.R. Co.,* 898 F.2d 5, 6–7 (1st Cir.1990); *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 551 (6th Cir.1994).[4] In those circuits, the actions retain their separate identities despite consolidation and no Rule 54(b) certification is required to seek review of the disposition of an individual action.

Finally, it appears that the remaining circuits consider their jurisdiction on a case-by-case basis, often considering the extent of consolidation and permitting separate appeals in limited circumstances. *See, e.g., Hageman v. City Investing Co.,* 851 F.2d 69, 71 (2d Cir.1988) (there is a strong presumption that a judgment on some but not all actions in a consolidated case is not appeal-able absent Rule 54(b) certification); *Bergman v. City of Atlantic City,* 860 F.2d 560, 566–67 (3d Cir.1988) (noting that the circuit follows a case-by-case approach and that, when actions are consolidated for all purposes of discovery and trial, a judgment in one but not all actions is not appealable absent Rule 54(b) certification); *Eggers v. Clinchfield Coal Co.,* 11 F.3d 35, 39 (4th Cir.1993) (indicating that the circuit would follow a case-by-case approach in considering appealability of the disposition of fewer than all actions in a consolidated case); *Ringwald v. Harris,* 675 F.2d 768, 771 (5th Cir.1982) (following a case-by-case approach; if the consolidated cases could have been brought as one action, separate appeal is not permitted absent Rule 54(b) certification); *Ivanov-McPhee v. Washington Nat'l Ins. Co.,* 719 F.2d 927, 930 (7th Cir.1983) (when there are no purposes for which the actions retained separate identities and the actions could have been brought as one action, separate appeal is not permissible absent Rule 54(b) certification); *Tri–State Hotels, Inc. v. Federal Deposit Ins. Corp.,* 79 F.3d 707, 711 (8th Cir. 1996) (when actions are not formally merged for all purposes but only for convenience, appeal in one action is not precluded because the other action is still pending in the district court); *Lewis Charters, Inc. v. Huckins Yacht Corp.,* 871 F.2d 1046, 1048–49 (11th Cir.1989) (if the consolidation is for limited purposes and each action retains its separate identity, an appeal of one of two actions is permissible); *Phillips v. Heine,* 984 F.2d 489, 490 (D.C.Cir.1993) (absent Rule 54(b) certification, if the actions were consolidated for all purposes, the time for appealing an order disposing of only one action does not

3. Commentators have also addressed this issue at length. *See, e.g., Gaylord A. Virden, Consolidation Under Rule 42 of the Federal Rules of Civil Procedure: The U.S. Courts of Appeals Disagree on Whether Consolidation Merges the Separate Cases and Whether the Cases Remain Separately Final for Purposes of Appeal,* 141 F.R.D. 169 (1991); Jacqueline Gerson, *The Appealability of Partial Judgments in Consolidated Cases,* 57 U. Chi. L.Rev. 169 (1990); Marianne Fogarty, Note, *The Finality of Partial Judgments in Consolidated Cases Under Rule 54(b),* 57 Fordham L. Review 637 (1989); and 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2656 (1995 pocket part).

4. The Sixth Circuit has held, however, that a postjudgment motion in one of two consolidated cases may toll the time to appeal in both cases. *See Advey v. Celotex Corp.,* 962 F.2d 1177, 1181 (6th Cir.1992) ("[w]hen the scope of consolidation is broad, the issues and parties virtually identical, and one suit is the result of an inadvertent omission of the defendant's name from the complaint, we do not believe that the parties suffer an injustice by treating the consolidated cases as one for the purpose of considering the timeliness of the notice of appeal").

begin to run). It appears that the results of this case-by-case approach in most appeals have required Rule 54(b) certification unless the consolidation was for limited purposes.

As noted above, the basic issue before us is whether consolidation is viewed as merging the actions so that appeal of a decision concerning only one action, absent certification, is premature or whether the actions retain their separate identities for purposes of appellate review, in which case appeal of a decision concerning only one action is proper. In three previous cases, we have to some degree treated actions consolidated by the district court as one case, although we have not considered whether an uncertified appeal of a decision in one aspect of a consolidated case may be heard before decision on all aspects of the case.

*In re Innotron Diagnostics,* 800 F.2d 1077, 231 USPQ 178 (Fed.Cir.1986), involved actions that were consolidated by the district court. Innotron Diagnostics sued Abbott Laboratories for antitrust violations. In a separate action, Abbott sued Innotron for patent infringement and Innotron counterclaimed for antitrust violations. The district court consolidated the actions. Thereafter, the district court ordered that the patent and antitrust issues be separated for trial. Innotron petitioned this court for a writ of mandamus to direct the district court to try the issues in the consolidated cases together. We considered whether we had jurisdiction to entertain the petition. We concluded that we would have jurisdiction over an appeal from the final judgment because the district court's jurisdiction was based in part on the patent infringement action. *Innotron,* 800 F.2d at 1080–81, 231 USPQ at 180–81. We also determined that we had jurisdiction over the petition because it was in aid of our jurisdiction. *Id.* at 1082, 231 USPQ at 182. We noted that consolidation of the actions into one case made it no different from one action involving counterclaims. *Id.* at 1080, 231 USPQ at 180–81. We accordingly treated the consolidated actions as one merged case.

Our decision in *Interpart Corp. v. Italia,* 777 F.2d 678, 228 USPQ 124 (Fed.Cir.1985), similarly concerned actions that were consoli-dated by a district court. In a California district court, Interpart filed a declaratory judgment action concerning unfair competition. Vitaloni sued Interpart for design patent infringement in an Illinois district court. Vitaloni's patent action was transferred to the California district court and the actions were consolidated. After judgment was entered, Vitaloni filed two separate appeals. One appeal, taken to this court, related to the patent action. Specifically, Vitaloni challenged the holding that the case was exceptional and the award of attorney fees under 35 U.S.C. § 285. The second appeal, regarding the unfair competition portion of the judgment, was initially taken to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit transferred the appeal to this court. We determined that our court had jurisdiction over each of the actions in the consolidated case. *Interpart,* 777 F.2d at 680, 228 USPQ at 126. We agreed with the Ninth Circuit that, because the appeal from the consolidated case involved the patent claim, our court had jurisdiction over any appeals emanating from the consolidated case. *Interpart,* 777 F.2d at 681, 228 USPQ at 126. Although *Interpart* did not involve an appealability or timeliness issue, it did treat the actions as one unit for the purpose of determining whether we or the Ninth Circuit had jurisdiction over the unfair competition appeal.

Finally, in *Jackson Jordan, Inc. v. Plasser Am. Corp.,* 725 F.2d 1373, 220 USPQ 945 (Fed.Cir.1984), two actions were consolidated by a district court. In the first action, Jackson Jordan, Inc. sought a declaratory judgment of invalidity and noninfringement of Plasser American Corporation's patent. In the second action, Jackson sued Plasser for violations of the antitrust laws. The district court entered judgment for Jackson holding Plasser's patent invalid in the first action and dismissed Jackson's complaint with respect to the antitrust claim. Plasser appealed from the judgment within 30 days, seeking review of the patent decision. Jackson, seeking review of the antitrust dismissal, filed an appeal within 14 days of Plasser's appeal, but not within 30 days of the judgment. Plasser moved to dismiss Jackson's appeal as untime-

ly, arguing that Jackson's appeal had to have been filed within 30 days of the judgment. We held that, even if the consolidation was only for purposes of trial, Fed. R.App. P. 4(a)(3) permitted any party to take an appeal from a consolidated proceeding within 14 days after a first appeal. *Jackson Jordan,* 725 F.2d at 1374, 220 USPQ at 946. Thus, we rejected the notion that the actions were separate in the sense that separate appeal times ran for each portion of the consolidated case.

■ It is thus clear that our court has treated a consolidated case as one merged unit for certain jurisdictional purposes. We now extend this approach to join the Ninth and Tenth Circuits in adopting the rule that, absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case.

For purposes of appellate jurisdiction, actions consolidated by a district court are not unlike multiple claims and counterclaims presented in one action. While the case-by-case approach is not without merit, we do not adopt it for three reasons. First, as noted in the cases discussed above, we have in other contexts treated consolidated actions as one unit for jurisdictional purposes. Consistency thus favors merger. Second, the case-by-case approach creates uncertainty for the parties. It causes premature appeals when it is later determined that an appeal must await disposition of all aspects of the consolidated case. A bright-line rule avoids this problem. Third, our approach comports with the policies underlying the finality rule and avoids unnecessary piecemeal review. *See Teller Envtl. Sys., Inc. v. United States,* 802 F.2d 1385, 1388 (Fed.Cir.1986) ("the requirement of finality is founded upon a policy that stands against piecemeal litigation and delays caused by appeals of nonfinal decisions"). Finally, since consolidated cases tend to be based on the same factual circumstances, appellate review of the total consolidated case serves the purposes of appellate efficiency. We note that the two patents in this case which form the subject matter of the consolidated cases are closely related, one having issued on an application which was a continuation of the application for the other. Their specifications are therefore the same. Thus,

review of all issues in the same appeal makes for greater judicial efficiency.

■ Our holding does not prevent a party having good reason for partial appellate review from requesting Rule 54(b) certification by the district court. The district court may then consider whether there is any just reason for the disposition of less than all of the claims and whether to direct entry of such a judgment. The need for immediate appeal and the policy against piecemeal review can be weighed by the district court, subject to our review. *See Chaparral Communications, Inc. v. Boman Indus., Inc.,* 798 F.2d 456, 459, 230 USPQ 535, 537 (Fed.Cir.1986) (district court "properly considered the competing equities and properly concluded that the need for an immediate appeal was clearly outweighed by the policy against piecemeal adjudication"). The separateness of the claims for relief is a factor when this court reviews a Rule 54(b) certification. *See W.L. Gore,* 975 F.2d at 862, 24 USPQ2d at 1198 (in reviewing a Rule 54(b) certification, the separateness of the claims is considered in reviewing the district court's determination that there is no just reason to delay the appeal). That factor, *i.e.,* whether the actions could have been raised in one lawsuit, is similar to one considered by circuits that apply the case-by-case approach. Furthermore, when a district court makes a certification pursuant to Rule 54(b), the parties do not face the uncertainty that they might encounter if there is no bright-line rule concerning the time to appeal the disposition of one claim in a consolidated case.

In the present case, the district court's order in deciding one of the two actions did not dispose of the entire consolidated case. Thus, we hold that appeal is not proper until there is a final judgment disposing of all aspects of the consolidated case.

Accordingly,

IT IS ORDERED THAT:

(1) Spraytex's motion to dismiss is granted.

(2) Each side shall bear its own costs.