127 F.3d 1057
 19 ITRD 1609
 CRUCIBLE MATERIALS CORPORATION, Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,
and
San Huan New Materials High Tech, Inc., Ningbo Konit
Industries, Inc., and Tridus International, Inc.,
Intervenors.
SAN HUAN NEW MATERIALS HIGH TECH, INC., Ningbo Konit
Industries, Inc., and Tridus International, Inc., Appellants,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,
and
Crucible Materials Corporation, Intervenor.
 Nos. 97-1409, 97-1411.
 United States Court of Appeals,
Federal Circuit.
 Sept. 30, 1997.
 
 Ford F. Farabow, Jr., Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, D.C., for appellant and intervenor Crucible Materials Corporation. Of counsel was Darrel C. Karl, Wayne W. Herrington, and Michael J. Flibbert.
 Gary M. Hnath, Venable, Baetjer, Howard & Civiletti, LLP, Washington, D.C., for appellants and intervenors San Huan New Materials High Tech, Inc., et al. Of counsel was E. Brendan Magrab.
 Jay H. Reiziss, Attorney, Office of General Counsel, U.S. International Trade Commission, Washington, D.C., for appellee. Of counsel were Lyn M. Schlitt, General Counsel, and James A. Toupin, Deputy General Counsel.
 Before MICHEL, LOURIE, and BRYSON, Circuit Judges.
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 On July 25, 1997, this court asked the parties whether Crucible Materials Corporation's appeal no. 97-1409 and San Huan New Materials High Tech, Inc., Ningbo Konit Industries, Inc., and Tridus International, Inc.'s (collectively San Huan's) appeal no. 97-1411 should be dismissed as having been taken from a nonfinal determination. The International Trade Commission and San Huan respond that the appeals should be dismissed as having been taken from a nonfinal determination. Crucible responds that its appeal no. 97-1409 is from a final determination and should go forward, but that San Huan's appeal no. 97-1411 should be dismissed as premature. We conclude that Crucible's appeal no. 97-1409 should be heard, but we dismiss San Huan's appeal no. 97-1411.
 
 BACKGROUND
 
 2
 These appeals relate to an investigation initiated by the Commission in March 1995 under section 337 of the Tariff Act of 1930 as amended, 19 U.S.C. § 1337 (1994), based on a complaint filed by Crucible. In the Matter of Certain Neodymium-Iron-Boron Magnets, Magnet Alloys, and Articles Containing Same, Investigation No. 337-TA-372. Crucible's complaint alleged that San Huan and other respondents were improperly importing and selling certain magnets that infringed certain claims of Crucible's United States Patent 4,588,439. Just before a scheduled hearing on the merits, San Huan moved to be terminated from the investigation based on a proposed consent order. On October 11, 1995, the Commission issued the consent order (1) directing that San Huan not sell for importation, import into the United States, sell in the United States after importation, or knowingly aid in the sale for importation of certain neodymium-iron-boron permanent magnets and magnet alloys and (2) terminating the proceedings with respect to San Huan. The consent order provided that if San Huan violated the consent order, San Huan would be subject to an enforcement proceeding. In addition, San Huan waived "all rights to seek judicial review or otherwise challenge or contest the validity of the Consent Order."
 
 
 3
 Meanwhile, the Administrative Law Judge (ALJ) to whom the remainder of the investigation was referred issued an initial determination finding that certain other respondents violated § 1337(a) by importing and selling magnets that infringed Crucible's patents both literally and under the doctrine of equivalents. On March 29, 1996, the Commission determined not to review the ALJ's decision, issued a general exclusion order and a cease and desist order directed to only one other respondent, and thus completed the original investigation.
 
 
 4
 Soon thereafter, Crucible filed an enforcement complaint alleging that San Huan violated and was continuing to violate the consent order. On May 16, 1996, the Commission initiated a formal enforcement proceeding to determine whether San Huan violated the consent order. San Huan filed a separate petition and argued that the Commission should consider the applicability of this court's intervening decision in Maxwell v. J. Baker, Inc., 86 F.3d 1098, 39 USPQ2d 1001 (Fed.Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1244, 137 L.Ed.2d 327 (1997). San Huan argued that Maxwell altered the law of infringement under the doctrine of equivalents in a manner that directly conflicted with the Commission's infringement analysis. The Commission denied San Huan's petition but stated that the ALJ should address San Huan's arguments concerning Maxwell within the context of the ongoing enforcement proceeding.
 
 
 5
 On December 24, 1996, the ALJ issued a "recommended determination" in which he determined that San Huan violated the consent order and recommended that monetary sanctions be imposed. The ALJ determined that under Maxwell, San Huan did not infringe the claims of Crucible's patent under the doctrine of equivalents. However, the ALJ concluded that because Maxwell conflicted with Supreme Court and other Federal Circuit precedent, the decision was not binding precedent. He thus upheld his earlier determination that San Huan infringed the claims of Crucible's patent under the doctrine of equivalents.
 
 
 6
 On April 8, 1997, the Commission issued its determination that San Huan violated the consent order. On May 7, 1997, the Commission followed up that determination with an opinion formally adopting the ALJ's recommendation that San Huan violated the consent order. However, the Commission did not adopt, inter alia, the ALJ's evaluation of the applicability of Maxwell. It declined to adopt the ALJ's recommendation that neither the enforcement proceeding nor the existing remedial orders should be affected by Maxwell with respect to infringement under the doctrine of equivalents. Accordingly, the Commission prospectively modified the general exclusion order, cease and desist order, and the consent order based on its conclusion that there was no infringement under the doctrine of equivalents: "All outstanding orders in this investigation therefore no longer prohibit the importation and sale of such magnets" with an oxygen content of below 6,000 ppm. Because the Commission's opinion had the effect of allowing more magnets to be imported and sold in the United States, Crucible appealed the determination modifying the outstanding orders.[1] San Huan followed with its own "protective" appeal. In the meantime, the enforcement proceeding with respect to remedy, public interest, and bonding relating to San Huan's violation of the consent order is continuing.
 
 DISCUSSION
 
 7
 This court has exclusive jurisdiction over "final determinations of the United States International Trade Commission relating to unfair practices in import trade, made under section 337 of the Tariff Act of 1930 (19 U.S.C. 1337)." 28 U.S.C. § 1295(a)(6) (1994). Final determinations appealable under § 1295(a)(6) are specified in § 1337(c), which provides in part that "[a]ny person adversely affected by a final determination of the Commission under subsection (d), (e), (f), or (g) of this section may appeal such determination, within 60 days after the determination becomes final, to the United States Court of Appeals for the Federal Circuit for review in accordance with chapter 7 of Title 5." 19 U.S.C. § 1337(c) (1994). The subsections relevant here, (d) and (f), govern permanent exclusion orders and cease and desist orders.
 
 San Huan's Appeal
 
 8
 San Huan acknowledges that the Commission has not issued a final determination with regard to the enforcement of the modified consent order and states that it filed an appeal merely as a protective measure. The Commission concurs that San Huan's appeal is premature because the Commission has not disposed of the issues concerning remedy under § 1337(f)(2) (1994). We agree with San Huan and the Commission. "A final determination is 'a final administrative decision on the merits, excluding or refusing to exclude articles from entry' " under 19 U.S.C. § 1337(d), (e), (f), or (g) (1994). Block v. United States Int'l Trade Comm'n, 777 F.2d 1568, 1571, 228 USPQ 37, 38 (Fed.Cir.1985) (quoting Import Motors, Ltd. v. United States Int'l Trade Comm'n, 63 C.C.P.A. 56, 530 F.2d 940, 944, 188 USPQ 490, 494 (1976)). Because formal enforcement proceedings are ongoing, San Huan's appeal no. 97-1411 is not an appeal from a final determination. See 19 U.S.C. § 1337(c); 28 U.S.C. § 1295(a)(6). San Huan purported to appeal from the Commission's determination modifying the outstanding orders. However, San Huan has not been adversely affected by the modified orders. In determining that there was no infringement under the doctrine of equivalents, the Commission's decision had the effect of allowing San Huan to import and sell products that it was formerly enjoined from selling and importing. Thus, the Commission's determination with respect to the modification of the outstanding orders is not adverse to San Huan. Finally, San Huan does not purport to seek review of the modification of these orders. For all of these reasons, we therefore conclude that San Huan's appeal must be dismissed.
 
 Crucible's Appeal
 
 9
 Crucible argues nevertheless that the Commission's determination modifying the exclusion order, cease and desist order, and consent order is immediately appealable under § 1337(c) and that the issues remaining to be decided, viz., civil penalty, attorney fees, public interest, and bonding, have no bearing on Crucible's appeal.
 
 
 10
 A party may appeal a final determination modifying a remedial order issued pursuant to § 1337. For example, in SSIH Equip. S.A. v. United States Int'l Trade Comm'n, 718 F.2d 365, 218 USPQ 678 (Fed.Cir.1983), the Commission modified an exclusion order, while it was before the President, to suspend its operation with respect to two patents. We held that an appeal from the exclusion order as modified was proper because the modification was adverse to the party and thus the party could challenge the findings and conclusions on which the modification was based. See id. at 370-71, 718 F.2d 365, 218 USPQ at 683-84.
 
 
 11
 Here, Crucible has appealed a determination that permits the enjoined parties to begin importing and selling products previously excluded. The Commission modified the orders in the unusual procedural context of an ongoing enforcement proceeding. In doing so, however, the Commission made a consequential determination, viz., that the doctrine of equivalents did not bar the sale and importation of certain products. Such a determination clearly reaches the merits of Crucible's complaint. Moreover, Crucible was immediately and adversely affected by the Commission's determination. As this court has recognized, when the Commission modifies an existing remedial order it is making an appealable final determination under § 1337(d), (e), (f), or (g). "The order modifying the existing order inherently relates to the propriety of the exclusion order and affects its validity. The result is the same as that which would prevail if the ITC had issued the modified order in the first instance." Allied Corp. v. United States Int'l Trade Comm'n, 850 F.2d 1573, 1580, 7 USPQ2d 1303, 1308 (Fed.Cir.1988) (emphasis added). See also Amgen v. United States Int'l Trade Comm'n, 902 F.2d 1532, 1535, 14 USPQ2d 1734, 1737 (Fed.Cir.1990) ("when a decision is intrinsically a final determination, i.e., a determination on the merits, then that decision is appealable under § 1337(c)") (citation omitted). On this basis, we conclude that Crucible has properly appealed from a final determination concerning the modification of the consent and remedial orders that were issued in the context of an ongoing enforcement proceeding. Indeed, Crucible had no choice but to appeal at this juncture. See Allied Corp. v. United States Int'l Trade Comm'n, 782 F.2d 982, 984, 228 USPQ 532, 533 (Fed.Cir.1986) (Presidential review period did not toll the time for patent holder to appeal from determination holding that certain of its patents were invalid and thus allegedly infringing products could be imported).
 
 
 12
 Crucible's argument that it is now entitled to appeal is further supported by the similarity between the Commission's modification of the consent and remedial orders and the modification of a district court injunction, which is appealable. Pursuant to 28 U.S.C. § 1292(a)(1), (c)(1) (1994), this court has jurisdiction over an interlocutory appeal from a decision granting, continuing, modifying, refusing, or dissolving an injunction. The decision in this case has the effect of allowing San Huan to import and sell products that were enjoined from importation and sale before the orders were modified. We thus conclude that Crucible has properly appealed from the determination modifying the outstanding orders.[2]
 
 
 13
 We conclude that San Huan's protective appeal is premature and must be dismissed. Crucible has properly appealed from a final determination of the Commission under § 1337(c).
 
 
 14
 Accordingly,
 
 IT IS ORDERED THAT:
 
 15
 (1) San Huan's appeal no. 97-1411 is dismissed.
 
 
 16
 (2) Crucible's appeal no. 97-1409 may proceed.
 
 
 
 [1]
 Crucible filed a petition for reconsideration with the Commission pursuant to 19 C.F.R. § 210.47 (1997); this petition is still pending. Section 210.47 provides that "[t]he filing of a petition for reconsideration shall not stay the effective date of the determination or action ordered to be taken thereunder or toll the running of any statutory time period affecting such determination or action ordered to be taken thereunder unless specifically so ordered by the Commission." Because the Commission has not ordered that its determination modifying the outstanding orders be stayed pending the resolution of Crucible's petition for reconsideration, we conclude that Crucible's pending petition does not toll the time for Crucible to appeal or, as indicated infra, render the decision nonfinal
 
 
 [2]
 Although the parties do not raise the applicability of this court's decision in Spraytex, Inc. v. DJS & T, 96 F.3d 1377, 40 USPQ2d 1145 (Fed.Cir.1996), we nonetheless briefly consider whether its holding applies to Crucible's appeal. We held in Spraytex that absent certification under Fed.R.Civ.P. 54(b), a party may not appeal a judgment in a consolidated case that disposes of fewer than all of the actions. See id. at 1382, 40 USPQ2d at 1148-49. In this case, the Commission directed the ALJ to address San Huan's arguments concerning modification within the context of the enforcement proceeding. In this sense, the modification proceeding and the enforcement proceeding might be considered to be consolidated. That status, however, does not prevent Crucible from appealing at this time even though the enforcement proceeding is ongoing. That is because the Commission's decision was a final determination with respect to the exclusion order, cease and desist order, and consent order. As we have concluded, the determination from which Crucible seeks review is an appealable final determination under § 1337(c) issued pursuant to § 1337(d) and (f) and is in the nature of an order modifying an injunction