(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss for lack of jurisdiction is granted.

(3) The Secretary's alternative motion to dismiss is moot.

(4) Each side shall bear its own costs.

INTELLECTUAL PROPERTY DEVELOPMENT, INC. and Communications Patents, Ltd., Plaintiffs–Appellants,

v.

UA–COLUMBIA CABLEVISION OF WESTCHESTER, INC. and Telecommunications, Inc., Defendants–Cross Appellants.

Nos. 02–1248, 02–1249.

United States Court of Appeals, Federal Circuit.

July 31, 2002.

Before LOURIE, BRYSON, and LINN, Circuit Judges.

*ORDER*

LOURIE, Circuit Judge.

Intellectual Property Development, Inc. and Communications Patents, Ltd. submit a letter informing this court that the United States District Court for the Southern District of New York has denied the parties' joint motion to enter an appealable judgment pursuant to Fed.R.Civ.P. 54(b). We sua sponte consider whether these appeals must be dismissed for lack of jurisdiction.

On January 3, 2002, the district court issued an order that construed a claim and held that the patent was infringed and invalid. The district court ordered that case closed, but later acknowledged that it had erred in closing the case because there was a pending counterclaim regarding inequitable conduct. The district court determined that the counterclaim should be adjudicated and denied the parties' joint motion to enter an appealable judgment, pursuant to Fed.R.Civ.P. 54(b), regarding the claims related to infringement and invalidity.

In the recent letter to this court, the appellants state that they believe that the district court's previous order, closing the case but not disposing of a pending counterclaim regarding inequitable conduct, was appealable. We disagree. Pursuant to the express terms of Fed.R.Civ.P. 54(b), in the absence of a determination that "there is no just reason for delay and . . . an express direction for the entry of judgment," any order or other form of decision, "however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . . ." Thus, because the district court denied the parties' motion to direct the entry of judgment under this rule, there is no appealable judgment and the appeals filed by the parties must be dismissed, notwithstanding their desire to have their appeals heard. *Spraytex, Inc. v. DJS & T,* 96 F.3d 1377 (Fed.Cir. 1996); *W.L. Gore & Assocs., Inc. v. Inter-*

*national Medical Prosthetics Research Assocs.*, 975 F.2d 858 (Fed.Cir.1992).

Accordingly,

IT IS ORDERED THAT:

(1) These appeals are dismissed for lack of jurisdiction.

(2) Each side shall bear its own costs.