MEDIA TECHNOLOGIES LICENSING, LLC, Plaintiff–Appellant,

v.

THE UPPER DECK COMPANY and the Upper Deck Company, LLC, Defendants/Cross Claimants–Appellees,

and

Collector's Edge of Tennessee, Inc., In the Game, Inc., and Playoff Corporation, Defendants–Appellees,

and

Topps Company, Inc., Defendant–Appellee,

and

Pacific Trading Cards, Inc., Defendant–Appellee,

and

Racing Champions, Inc. and Racing Champions South, Inc. (formerly known as Wheels Sports Group, Inc.), Defendants–Appellees,

and

Belcaro Group, Inc. (doing business as the Shop–At–Home Directory, Inc.), Defendant–Appellee,

and

Fleer/Skybox International LP, Defendant–Appellee,

v.

Adrian Gluck, Cross Defendant–Appellee.

No. 02–1412.

United States Court of Appeals, Federal Circuit.

Aug. 2, 2002.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

## ON MOTION

LOURIE, Circuit Judge.

### ORDER

Media Technologies Licensing, LLC (MTL) responds to this court's order directing it to show cause why its appeal should not be dismissed as premature.

On May 2, 2002, MTL filed a notice of appeal from an April 30, 2002 district court order that granted the defendants' motion for summary judgment. No judgment was entered before May 2 and there was no express ruling on the various counter-claims and cross-claims. MTL now states that a document entitled "Judgment" was entered on May 9 and that the district court subsequently, on July 10, 2002, granted the parties' stipulation to dismiss the various remaining claims. Although MTL believes that this supports the timeliness of their May 2 appeal, it does the opposite. It is now clear that there was no judgment at the time that the notice of appeal was filed, and Fed. R.App. P. 4(a)(2)[1] does not apply because other claims remained pending when MTL filed its notice of appeal. *See* Fed.R.Civ.P. 54(b) ("When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties ...."). *See also Spraytex, Inc. v. DJS&T*, 96 F.3d 1377 (Fed.Cir.1996). Thus, MTL's May 2, 2002 notice of appeal was premature and must be dismissed.[2]

Accordingly,

IT IS ORDERED THAT:

(1) MTL's appeal is dismissed.

(2) All parties shall bear their own costs.

---

1. Fed. R.App. P. 4(a)(2) provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

2. If MTL wishes to timely appeal, it is well advised to promptly file a notice of appeal from the district court's July 10, 2002 order that appears to have resolved all claims.