*494 ON MOTION
LOURIE, Circuit Judge.

ORDER

The United States moves to dismiss Gerald L. Parsky’s appeal as premature. Parsky responds. The United States replies.
Parsky filed a complaint in the Court of Federal Claims asserting Wmstar-related claims regarding, inter aha, Southern California Federal Savings and Loan Association (SoCal). The claims regarding SoCal were consolidated with other plaintiffs claims regarding SoCal, and Parsky’s claims regarding other institutions were consolidated with other plaintiffs’ claims regarding those institutions. On December 12, 2001, the Court of Federal Claims issued an order determining that his claims against SoCal were untimely. On December 14, 2001, the Court of Federal Claims directed the clerk to enter judgment, apparently to dismiss Parsky’s claims against SoCal.*
The United States argues that, absent a certification pursuant to RCFC 54(b), Par-sky’s appeal is premature because the other plaintiffs’ claims remain to be adjudicated. We agree. In Spraytex, Inc. v. DJS&T, 96 F.3d 1377,1382 (Fed.Cir.1996), we held that a Rule 54(b) certification, stating that there is no just reason for delay and directing entry of judgment, is required to permit an appeal of a disposition of one claim or case in a consolidated action. Parsky does not strongly disagree that Spraytex governs the filing of his appeal. Instead, Parsky states that the appeal was filed as a precautionary matter and requests guidance concerning when an appeal would be timely filed.
As we stated in Spraytex, absent a certification pursuant to Rule 54(b), an appeal “is not proper until there is a final judgment disposing of all aspects of the consolidated case.” Id. at 1382. Thus, when a Rule 54(b) judgment is entered or a final judgment is entered that disposes of all aspects of the consolidated case, an appeal may be timely filed.
Accordingly,
IT IS ORDERED THAT:
(1) The United States’ motion to dismiss is granted.
(2) Each side shall bear its own costs.

 The United States states that Parsky's claims against another entity, Honolulu Federal Savings and Loan Association, remain pending.