**ASPEX EYEWEAR, INC.,**
**Plaintiff–Appellant,**

and

**Contour Optik, Inc., Plaintiff,**

v.

**E'LITE OPTIK, INC., Defendant–**
**Appellee.**

No. 04–1053.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 2, 2004.

Before LOURIE, LINN, and PROST, Circuit Judges.

LINN, Circuit Judge.

### ORDER

E'Lite Optik, Inc. moves to dismiss Aspex Eyewear, Inc.'s appeal for lack of a proper Fed.R.Civ.P. 54(b) certification. Aspex opposes. E'Lite replies.

Aspex and Contour Optik, Inc. sued E'Lite for patent infringement. On August 6, 2003, the district court granted E'Lite's motion for summary judgment that Aspex lacked standing to sue for infringement. It is not disputed that the other plaintiff, Contour, has standing to sue for infringement, and thus the case remains pending at the district court. Aspex moved for the district court to certify the standing determination as an appealable judgment pursuant to Fed.R.Civ.P. 54(b). The district court granted the motion, stating only that "IT IS ORDERED THAT Plaintiff Aspex Eyewear's Motion for Certification of the Court's August 6, 2003 Order (# 144), filed October 27, 2003, is granted." Aspex appealed.

E'Lite argues that this court lacks jurisdiction because the district court's order certifying the disposition of Aspex's case for appeal did not comply with Rule 54(b). That rule states that a district court may direct the entry of final judgment as to one claim or party "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). Aspex responds that the district court's reasons may be assumed from the text of Aspex's motion for certification filed in the district court or that in some cases the express determination may not be required.

The language of Fed.R.Civ.P. 54(b) is straightforward. There must be an "ex-

press determination that there is no just reason for delay" and "an express direction for the entry of judgment." *See Spraytex, Inc. v. DJS&T*, 96 F.3d 1377 (Fed.Cir.1996) ("Rule 54(b) requires clear and unmistakable direction by the district court before appeal may be taken on less than all claims in a case. In doing so, the court must make an express statement of finality and indicate the lack of a just reason for delay.") (citing *W.L. Gore & Assocs., Inc. v. International Medical Prosthetics Research Assocs., Inc.*, 975 F.2d 858 (Fed.Cir.1992)).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.