**GEMMY INDUSTRIES CORPORATION, Plaintiff–Appellant,**

v.

**CHRISHA CREATIONS LIMITED and Quay Richerson, Defendants–Appellees,**

and

**Alsto, Defendants.**

No. 04–1485.

United States Court of Appeals, Federal Circuit.

Jan. 26, 2005.

Before MICHEL, Chief Judge, BRYSON and PROST, Circuit Judges.

BRYSON, Circuit Judge.

*ORDER*

Gemmy Industries Corporation moves for an extension of time to file its reply brief. Chrisha Creations Limited et al. (Chrisha) oppose. Gemmy replies. Gemmy moves to dismiss its appeal, 04–1485. Chrisha opposes. Gemmy replies.

Gemmy appealed from the June 23, 2004 decision of the United States District

Court for the Southern District of New York in *Gemmy Industries Corp. v. Chrisha Creations Limited,* No. 04–CV–01074 granting summary judgment in favor of Chrisha.

Gemmy states that additional claims remain to be adjudicated in the district court and thus its appeal is premature. In response, Chrisha argues that there were two consolidated cases in the district court and that because all claims in one case have been resolved, Gemmy's appeal of the decision in that case is not premature. In the alternative, Chrisha argues that the court should not dismiss because Chrisha has moved for entry of judgment under Fed.R.Civ.P. 54(b) in the district court. Chrisha contends that if the district court enters judgment pursuant to Rule 54(b), Gemmy's premature notice of appeal will ripen.

With respect to Chrisha's argument concerning the resolution of all claims of only one of two consolidated cases, we determine that our decision in *Spraytex, Inc. v. DJS&T,* 96 F.3d 1377 (Fed.Cir.1996) governs.* In *Spraytex,* applying the law of our circuit to a situation almost identical to the present one, we stated that "absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case." With respect to Chrisha's argument that Gemmy's appeal will ripen if the district court enters judgment pursuant to Rule 54(b), we note that unless and until the district court enters judgment pursuant to Rule 54(b) or enters final judgment, we lack jurisdiction and thus must dismiss the appeal as premature. *See Spraytex,* 96 F.3d at 1382.

Accordingly,

---

* In *Woodard v. Sage Prods., Inc.,* 818 F.2d 841, 844 (Fed.Cir.1987), the court, sitting en banc, determined that the law of our circuit and not the regional circuit applies to issues concerning our jurisdiction.

IT IS ORDERED THAT:

(1) Gemmy's motion to dismiss is granted.

(2) Gemmy's motion for an extension of time is moot.

(3) Each side shall bear its own costs.