**THOMSON LICENSING SA,**
Plaintiff–Appellant,

v.

**Jack BEERY, Defendant–Appellee.**

No. 05–1459.

United States Court of Appeals,
Federal Circuit.

Oct. 19, 2005.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

*ORDER*

GAJARSA, Circuit Judge.

Jack Beery moves to dismiss Thomson Licensing SA's appeal for lack of jurisdiction. Thomson Licensing opposes. Beery replies.

There were two related actions in the United States District Court for the Southern District of Ohio. In the first action, Beery sued Thomson for infringement of Beery's patent. In the second action, Thomson brought an interference action against Beery concerning the same patent and an additional patent. The district court consolidated the cases for purposes of discovery and claim construction. In the interference action, the district court granted Beery's motion that there was no interference concerning the patent involved in both cases and Thomson dismissed the remainder of its interference action. The district court terminated the consolidation of the cases and entered judgment in the interference action. Thomson appeals from the judgment in the interference action.

Beery argues that Thomson's appeal is premature because the entire consolidated case has not been decided. In *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377 (Fed.Cir. 1996), we dismissed an appeal from a judgment in one district court action that had been consolidated with a still-pending action. We held that there was not a final judgment until there was a final judgment disposing of all aspects of the consolidated case. *Id.* at 1382. Thomson argues that, because the cases were consolidated only for certain purposes, and because the cases were deconsolidated, the jurisdictional issue presented by *Spraytex* is not relevant.

In *Spraytex,* we considered the approaches of the other circuits on the jurisdictional issue, i.e., when cases are consolidated, may a party appeal when only one of the consolidated cases is completed. We noted that the question had been answered by the regional circuits in three different ways. *Spraytex,* 96 F.3d at 1380. Two circuits require certification, in a consolidated action, of any disposition of a claim or case pursuant to Fed.R.Civ.P. 54(b) when other portions of the case remain undecided. We called that approach the bright-line test for jurisdiction. In two other circuits, separate appeals are permitted from a judgment disposing of fewer than all of the claims in a consolidated case without a Rule 54(b) certification. The third set of circuits considers "their jurisdiction on a case-by-case basis, often considering the extent of consolidation and permitted separate appeals in limited circumstances." *Id.*

We adopted the bright-line test and required Rule 54(b) certification if a district court intends to enter a final appealable judgment in a case in which other claims in the consolidated action remain pending.

*Id.* at 1382. Thus, we declined to follow the case-by-case approach argued by Thomson Licensing, i.e., to consider the extent and nature of the consolidation. Further, we do not agree that the order deconsolidating the cases can be treated as a Rule 54(b) certification. Rule 54(b) requires the district court to make certain express determinations and here no such determinations were made. *Id.*

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) The motion to stay the briefing schedule is denied as moot.