**In re James N. CONSTANT.**

**No. 87–1012.**

United States Court of Appeals, Federal Circuit.

April 13, 1987.

Unpublished Opinion Issued April 13, 1987.

Published Opinion Issued July 13, 1987.[1]

James Constant, submitted pro se.

Joseph F. Nakamura, Sol., Fred E. McKelvey, Deputy Sol., Washington, D.C., and Lee E. Barrett, Associate Sol., Office of the Solicitor, Arlington, Va., submitted, for appellee.

Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.

1. The opinion is reissued as a published opinion on motion of the Commissioner of Patents and Trademarks.

BISSELL, Circuit Judge.

The decision of the United States Patent and Trademark Office, Board of Patent Appeals and Interferences (Board), Appeal No. 679–72: (1) affirming the Examiner's rejection of all the claims of the reissue application for failure to comply with the requirements of 37 C.F.R. § 1.175; the rejection of claims 1, 74, 75, 91, 102, 103, 107, 108, and 111 under 35 U.S.C. § 251 (1982) as being prohibitively broader in scope than the original claims; the rejection of claims 33, 47, 58, 71, 89, 100, 104, 113, and 115 under the second paragraph of 35 U.S.C. § 112 (1982); the rejection of claims 29–34, 43–46, 48, 54–57, 59, 67–70, 72–74, 85–88, 90, 96–99, 101, 102, 104, 105, 109, 112, 113, and 116–117 under the first paragraph of 35 U.S.C. § 112; and (2) entering new grounds of rejection for claims 2–5, 7–37, 39–64, 66–73, 76–90, 92–101, 104–106, 109, 110, and 112–117 under 35 U.S.C. § 251 as being prohibitively broader than the original claims and claims 1–5, 7–34, 47, 58, 71, 75–90, 100, 103–113, and 115 as failing to satisfy the written description requirement of the first paragraph of 35 U.S.C. § 112 is affirmed.

## OPINION

Since the defective reissue declaration affects all the claims in the reissue application in this case, the rejection under 37 C.F.R. § 1.175 is addressed first. Appellant argues that the Board erred in its construction of 37 C.F.R. § 1.175(a)(3) by requiring appellant to specify every difference between the original and reissue claims. This argument is not persuasive. The Board's decision is based on rule 175 as a whole and not just rule 175(a)(3). Appellant's declaration addressed only the excesses of the "signal processor" and failed to address the remaining "excesses and insufficiencies," as required by § 1.175(a)(3). The *Manual of Patent Examining Procedure* (MPEP) § 1444 (5th ed., Rev. 2, Dec.1985) provides that "[e]very departure from the original patent

2. This case is published solely for the purpose of interpreting rule 175. No implication is to be drawn that the MPEP is binding on this court.

... must be particularly and distinctly specified and supported in the original, or a supplemental, reissue oath or declaration under [37 C.F.R.] § 1.175.[2] Any changes in the specification or claims require an updated supplemental oath or declaration specifically directed and supporting said changes under [37 C.F.R.] § 1.175." Appellant has failed to show any error of law in the Board's application of rule 175 or in the rule's promulgation.

The remaining rejections are affirmed on the basis of the Board's opinion.

AFFIRMED.

*See Litton Systems, Inc. v. Whirlpool Corp.,* 728 F.2d 1423, 1439, 221 USPQ 97, 107 (Fed.Cir. 1984).