Yuichi KUBOTA and Ako Watanabe, Appellants,

v.

Yoshiyuki SHIBUYA, Shigeo Daimon and Kazuo Okamura, Appellees.

No. 92–1485.

United States Court of Appeals, Federal Circuit.

July 8, 1993.

Steven B. Kelber, Oblon, Spivak, McClelland, Maier & Neustadt, P.C., Arlington, VA, argued, for appellants.

Michael G. Gilman, Nikaido, Marmelstein, Murray & Oram, Washington, DC, argued, for appellees. With him on the brief was Robert B. Murray.

Fred E. McKelvey, Sol. and Richard E. Schafer, Associate Sol., Office of the Solicitor, Arlington, VA, were on the brief for amicus curiae, U.S. Patent Trademark Office.

Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.

LOURIE, Circuit Judge.

Yuichi Kubota and Ako Watanabe (hereinafter "Kubota") appeal from the February 27, 1992 decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences, as supplemented on reconsideration on May 15, 1992, awarding judgment in Interference No. 102,094 to Yoshiyuki Shibuya, Shigeo Daimon and Kazuo Okamura (hereinafter "Shibuya"). We vacate and remand.

## BACKGROUND

This interference was declared on January 30, 1989 between an application of Shibuya assigned to Daikin Industries, Ltd. and U.S. Patent 4,632,866 to Kubota, with which Shibuya's application was copending, assigned to TDK Corporation. The claimed subject matter relates to a magnetic recording medium including, *inter alia,* magnetic iron carbide particles. Claims 1–5 of Kubota and claims 12–22 of Shibuya were designated as corresponding to a single count which reads as follows:

> In a magnetic recording medium comprising a substance coated with a magnetic paint composition having magnetic powder dispersed in a binder,
>
> the improvement wherein the magnetic powder is a mixture of (a) magnetic metal particles and (b) *magnetic iron carbide particles* and/or magnetic metal particles having an iron carbide coating on the surface thereof, with the weight ratio of (a) to (b) being in the range between 99.5:0.5 and 20:80.

(Emphasis added).

The Kubota patent was accorded an effective filing date of April 5, 1984, by virtue of a

claim of priority to a Japanese patent application filed on that date. Shibuya claimed the benefit of Japanese patent application Serial No. 39,941, filed March 1, 1984. In the declaration of interference, Shibuya was accorded the benefit of that date and thus was made senior party.

During the preliminary motion period, Kubota filed four motions, including one under 37 C.F.R. § 1.633(g) (1992),[1] attacking Shibuya's priority date. Kubota argued that Shibuya's Japanese application did not comply with 35 U.S.C. § 112 (1988), first paragraph, because it did not enable one of ordinary skill in the art to make the iron carbide particles of the count. Specifically, Kubota noted that the sole disclosure of how to make the critical iron carbide particles was as follows:

> The acicular particles containing iron carbide used in the present invention include particles *disclosed in Japanese Patent Application No. 171765/1983* filed by the present applicant.

(Emphasis added). Kubota stated that the referenced 1983 foreign application was unpublished and thus insufficient for purposes of incorporating "essential material," *Manual of Patent Examining Procedure* (MPEP) 608.01(p) (1989), thereby making inadequate a disclosure of how to make the iron carbide particles.

The Examiner–in–Chief (EIC) agreed that Shibuya had improperly relied on the referenced 1983 application to incorporate essential material because that application was not within the category of documents that could be permissibly incorporated by reference. MPEP 608.01(p). The EIC thus granted Kubota's motion, reversed the order of the parties, and issued an order to Shibuya to show cause why judgment should not be entered against him. Shibuya responded and the matter came before the Board.

The Board reversed the decision of the EIC and reinstated the benefit originally accorded to Shibuya of his 1984 Japanese application on the ground that Kubota had failed to satisfy his burden of proving that Shibuya's Japanese application did not comply with section 112. According to the Board, in any preliminary motion, including a motion attacking the benefit of a priority date under section 1.633(g), the new interference rules place the burden of proof on the moving party. The Board reasoned that since Shibuya was accorded the benefit of a priority date at the outset of the interference, Kubota, as the party filing a preliminary motion attacking that date, then bore the burden of proving that the disclosure in Shibuya's priority document was insufficient under section 112.

The Board found insufficient basis to sustain the EIC's decision since Kubota failed to present "any credible evidence [to the EIC] to at least establish that one skilled in the art could not practice the invention in issue upon reading Shibuya's priority document without resort to the Japanese application (171765/1983) which is incorporated-by-reference in the priority document." Slip op. at 5. Since the Board determined that Kubota failed to show that Shibuya's priority document was insufficient under section 112, it did not address the question whether essential material may be incorporated by reference to an unpublished foreign application. The Board thus reinstated the status originally accorded Shibuya and entered judgment in his favor.

The Board also denied Kubota's request for a limited testimony period to present evidence relevant to meeting his burden of proof, stating that Kubota had an opportunity during the preliminary motion period either to present testimony or to request that the EIC set a time for taking testimony under 37 C.F.R. § 1.639(c) and he did not avail himself of that opportunity.

■ The issues before us are whether (1) the Board correctly determined that Kubota bore the burden of proof[2] on his section 1.633(g) motion and (2) the Board properly

---

1. 37 C.F.R. § 1.633(g) provides that a party may file a preliminary motion "to attack the benefit accorded an opponent in the notice declaring the interference of the filing date of an earlier application filed in the United States or abroad."

2. The term "burden of proof" as used herein, and as we understand it to be used in § 1.633, means the burden to establish the proposition at issue by a preponderance of the evidence.

denied Kubota's request for a limited testimony period.

## DISCUSSION

### I. Burden of Proof

■ The first issue requires review of the Board's interpretation of its own regulations, the "new" interference rules.[3] Specifically, the Board determined that under section 1.633 of the rules, a party filing a preliminary motion, including a motion attacking the benefit accorded another party under subsection (g), bears the burden of proof as to the requested relief.

The Supreme Court has made clear that an agency's interpretation of its own regulations is due "considerable respect." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 566, 100 S.Ct. 790, 797, 63 L.Ed.2d 22 (1980). The Commissioner of Patents and Trademarks filed a brief in this case as amicus curiae, stating his interest to be that of ensuring proper interpretation and application of the interference rules pursuant to his statutory authority under 35 U.S.C. § 6 (1988). As to the respective burdens of proof, the Commissioner urges us to affirm the Board's interpretation of the new rules. The Commissioner asserts that a party filing a preliminary motion bears the burden of proof with respect to the requested relief. The Commissioner points to section 1.637, which addresses the requisite content of a preliminary motion, including one attacking the benefit of a filing date. It provides in pertinent part:

(a) Every motion shall include (1) a statement of the precise relief requested, (2) a statement of the material facts in support of the motion, and (3) a full statement of the reasons why the relief requested should be granted.

. . . .

(g) A preliminary motion to attack benefit under § 1.633(g) shall explain, as to each count, why an opponent should not be ac-

corded the benefit of the filing date of the earlier application.

37 C.F.R. § 1.637 (1992). The Commissioner states that, in view of these provisions, if a party fails to state sufficient reasons why relief should be granted, the motion is denied. According to the Commissioner, it necessarily follows that the party filing the preliminary motion has the burden of proof with respect to the motion.

The Commissioner also points to section 1.655(a), which addresses the manner in which the Board renders a final decision. It provides in pertinent part:

The Board may also consider whether any interlocutory order was manifestly erroneous or an abuse of discretion. All interlocutory orders shall be presumed to have been correct and the burden of showing manifest error or an abuse of discretion shall be on the party attacking the order.

37 C.F.R. § 1.655(a) (1992). The Commissioner notes that this provision did not exist under the old rules and, other than the Board's final decision awarding judgment as to all counts, all actions taken in an interference, including the declaration of interference, are interlocutory orders presumed to be correct. According to the Commissioner, it was Kubota, as the party seeking to deprive Shibuya of the priority date accorded him in the declaration of interference, who bore the burden of showing "manifest error or an abuse of discretion."[4]

Kubota argues that the Board's interpretation is incorrect. While Kubota does not tell us why this interpretation is inconsistent with the rules and thus not entitled to considerable deference, he argues that the EIC's ruling was an interlocutory order which, at final hearing, should have been presumed to be correct. The Commissioner responds that this rule clearly places the burden on Kubota since the declaration of interference was also an interlocutory order presumed to be correct.

---

**3.** This interference was declared on January 30, 1989 and is thus governed by the new interference rules, 37 C.F.R. §§ 1.601–1.690 (1992), which are effective for interferences declared on or after February 11, 1985. *See* 49 Fed.Reg. 48416 (1984).

**4.** The Commissioner states his intention to amend the rules to explicitly place the burden of proof under section 1.633 on the moving party and provide that a notice declaring an interference is an interlocutory order for purposes of section 1.655(a).

We accept the Commissioner's reading of these rules because it is entitled to deference, see *Morganroth v. Quigg,* 885 F.2d 843, 848, 12 USPQ2d 1125, 1128 (Fed.Cir.1989) (The Commissioner's "interpretation of [the regulatory provisions governing abandonment and revival of patent applications] is entitled to considerable deference."), and because it is consistent with the language of the rules.[5]

The Board's and Commissioner's interpretation that the new rules clearly place the burden of proof on a party filing a preliminary motion under section 1.633(g) is surely reasonable. Section 1.637(g) explicitly requires that a motion attacking the benefit "explain, as to each count, why an opponent should not be accorded the benefit of the filing date of the earlier application," and subsection (a) requires every movant to provide "a statement of the material facts in support of the motion [and] a full statement of the reasons why the relief requested should be granted." Furthermore, section 1.639 requires that "[p]roof of any material fact alleged in a motion ... must be filed and served with the motion ... [which] may be in the form of patents, printed publications, and affidavits." Since we conclude that these provisions support, and are certainly not inconsistent with, placing the burden on a party challenging the benefit of a filing date, we have no difficulty in upholding the Board's position.

Kubota also argues that our case law establishes that it is Shibuya who bears the burden of establishing that its priority document supports the subject matter of the count for purposes of section 112. Kubota points to *Martin v. Mayer,* 823 F.2d 500, 3 USPQ2d 1333 (Fed.Cir.1987), a case decided under the old interference rules in which Mayer, an applicant, copied claims from Martin's patent for purposes of provoking an interference. We stated:

It is Mayer, the copier of claims from Martin's patent, who has the burden of proving, by clear and convincing evidence,

that "the disclosure on which he relies supports the copied claims which became the interference counts."

*Id.* at 503, 3 USPQ2d at 1335–36 (quoting *Burson v. Carmichael,* 731 F.2d 849, 852, 221 USPQ 664, 666 (Fed.Cir.1984)). Kubota also cites *Utter v. Hiraga,* 845 F.2d 993, 6 USPQ2d 1709 (Fed.Cir.1988), another case decided under the old rules, in which we stated: .

A party who, like Hiraga, relies on an earlier-filed application under 35 U.S.C. §§ 119 or 120 has the burden to show that the foreign or parent application supports later-added claims under 35 U.S.C. § 112 ¶ 1, regardless of whether that party is the junior or senior party in an interference.

845 F.2d at 998, 6 USPQ2d at 1713 (citations omitted).

It was well established under the old interference rules that a party copying claims for the purpose of provoking an interference bore the burden of proving by clear and convincing evidence that it had the "right to make" the claim. *See e.g., De George v. Bernier,* 768 F.2d 1318, 1321, 226 USPQ 758, 760 (Fed.Cir.1985); *Burson,* 731 F.2d at 852, 221 USPQ at 666; *Snitzer v. Etzel,* 531 F.2d 1062, 1063, 189 USPQ 415, 417 (CCPA 1976). A party's "right to make" a copied claim turned on whether an application's disclosure supported the full scope of the claim under section 112. *Squires v. Corbett,* 560 F.2d 424, 435, 194 UPSQ 513, 520 (CCPA 1977).

The Board has held, however, that the "right to make" cases no longer apply when the burden of proof of entitlement to a priority date is at issue. The Board in *Heymes v. Takaya,* 6 USPQ2d 2055, 2056 (BPAI 1988) (on reconsideration), previously distinguished *Martin* as a "right to make" case under the "old rules" which required an applicant to copy a patent claim exactly or by eliminating only immaterial limitations (former rule § 1.205). Under the present rules an applicant is not required to copy a patent claim exactly, and the applicant need only present claims drawn to the same patenta-

issue, entitlement to it must be decided before any presumption under this provision is operative.

ble invention as the "count" of the interference.

Similarly, the Board in *Behr v. Talbott*, Interference No. 102,366 (BPAI July 1, 1992),[6] recently explained:

> Since it is no longer necessary to copy claims to provoke an interference, the "old rule" "right to make" decisions, to the extent they put the burden of proof on the non-moving party (i.e., the copier of claims), are inapplicable to a 37 C.F.R. 1.633(a) motion alleging lack of written description support.
>
> For the same reason, the "old rule" decisions [citing *Utter*] concerning the burden of proof as to benefit of an earlier application are inapplicable to motions brought under 37 C.F.R. 1.633(g) to attack the benefit accorded an opponent of an earlier application. These "old rule" decisions placed the burden of proof on the party claiming benefit, regardless of whether the party was senior or junior, an applicant or patentee, trying to obtain benefit or defending an attack on its benefit. [These] decisions are based directly or indirectly on *Wagoner v. Barger*, 463 F.2d 1377, 1380, 175 USPQ 85, 87 (CCPA 1972) [which was based on *Crome v. Morrogh*, 239 F.2d 390, 391, 112 USPQ 49, 50 (CCPA 1956) which,] rather than being a benefit case, is a "right to make" case which, like the other "right to make" cases, placed the burden of proof on the copier. . . .
>
> . . . .
>
> Thus, the "old rule" decisions which explain why the burden of proof is on the party claiming benefit appear to be based on the need to copy claims under the old rules. Consequently, to the extent these decisions put the burden of proof on the non-moving party (i.e., the party defending an attack on its benefit), these decisions are inapplicable to a 37 C.F.R. 1.633(g) motion attacking benefit.

Slip op. at 12–15.

It seems to us that, while the burden initially may be on a party seeking to provoke an interference, or seeking to obtain entitlement to a priority date, once an interference has been declared and a party seeks to change the status of the parties by motion, the burden is then on the movant under the new rules, rather than on the party originally provoking the interference or obtaining entitlement. That is the import of the new rules and we accept the Commissioner's interpretation of them.

We thus agree with the Board that the "right to make" cases, of which *Martin* and *Utter* are representative, no longer apply during the preliminary motion period. They may still have relevance to an examiner determining *ex parte* whether a claim is entitled to a filing date, but that case is not before us. We accordingly conclude that the Board acted within its authority when it determined that Kubota bore the burden of proof on its section 1.633(g) motion.

## II. Denial of Testimony Period

█ Finally, Kubota requests that, if we affirm the Board's determination that he bore the burden of proof, we remand this case for a limited testimony period so that he can present evidence relevant to meeting that burden. The Commissioner takes the same position. Both Kubota and the Commissioner argue that the Board's reapportionment of the burden of proof constitutes a significant change in the law and that remand for purposes of a limited testimony period is thus appropriate. The Commissioner acknowledges confusion within the PTO and the practicing bar as to the proper allocation of the burden of proof in preliminary motions attacking the benefit accorded another party, and believes that remand is the appropriate course.

We agree. As stated above, the Board in *Behr* recently explained why the new rules place the burden of proof on a party filing a preliminary motion and why the old rule "right to make" cases no longer apply. In so doing the Board overruled *Alsenz v. Hargraves*, 13 USPQ2d 1371, 1375 (BPAI 1989), a case under the new rules involving a motion attacking the benefit of a priority date in which the Board followed the old practice by

---

**6.** The Commissioner has informed us that *Behr* will be published by the PTO and will thus be citable as PTO precedent.

putting the burden of proof not on the movant, but on the party relying on its parent application. *Behr*, slip op. at 15. In so doing, the Board stated:

> In view of Talbott et al.'s reliance on *Alsenz*, this interference is being remanded to the EIC with instructions to permit them to refile their 37 C.F.R. 1.633(a) and 1.633(g) motions in accordance with the requisite burden of proof.

*Id.* The Commissioner has taken a similar approach in other cases in which there may have been some confusion with respect to the meaning of a rule. *See, e.g., Okada v. Hitotsumachi*, 16 USPQ2d 1789, 1791 (Comm'r Pat.1990); *Hanagan v. Kimura*, 16 USPQ2d 1791, 1794 (Comm'r Pat.1990).

We conclude that the Board should have followed the same course in the instant case. Final hearing in this case took place on February 19, 1992, prior to the Board's decision in *Behr*. At that time, *Alsenz* was controlling and it was reasonable for Kubota to have believed that Shibuya bore the burden of proof. Consequently, although we uphold the Board's determination that Kubota bears the burden of proof on its section 1.633(g) motion, we remand for a limited testimony period so that Kubota, now fully informed of his burden, can present any relevant evidence.

## CONCLUSION

The Board correctly determined that Kubota bears the burden of proof on its motion attacking the benefit of Shibuya's priority document. However, because the new rules and the Board's *Alsenz* decision may have created uncertainty concerning the burden of proof, the Board's decision awarding judgment to Shibuya is vacated and the case is remanded for a limited testimony period so that Kubota may have an opportunity to present evidence relevant to meeting his burden of proof.

## COSTS

No costs.

*VACATED AND REMANDED.*