DETHMERS MANUFACTURING COMPANY, INC., Plaintiff,

v.

AUTOMATIC EQUIPMENT MFG. CO., Defendant.

No. C 96–4061–MWB.

United States District Court, N.D. Iowa, Western Division.

Nov. 3, 1999.

& Whitney, LLP, Des Moines, IA, for plaintiff.

Tim Engler, Harding, Shultz & Downs, Lincoln, NE, for defendant.

## MEMORANDUM OPINION AND ORDER FOR ENTRY OF JUDGMENT PURSUANT TO RULE 54(b)

BENNETT, District Judge.

### TABLE OF CONTENTS

I.  INTRODUCTION AND BACK-
    GROUND ...................... 527
    A.  The Claims And Counter-
        claims ..................... 527
    B.  Rulings On Dispositive Mo-
        tions ...................... 528
II. LEGAL ANALYSIS ............... 530
    A.  Language And Purpose Of
        Rule 54(b) ................. 530
    B.  Requirements Of The Rule ... 531
        1.  Finality ............... 531
        2.  No just reason for delay ... 532
    C.  Effect Of Rule 54(b) Certifica-
        tion ....................... 532
    D.  Certification Here ......... 533
        1.  Finality ............... 533
        2.  No just reason for delay ... 535
III. CONCLUSION ................. 535

In light of decisions dismissing or entering summary judgment on all of the federal claims presented in this lawsuit, the court will consider the appropriateness of entering judgment on some, but not all, claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Because the claims on which such judgment may be entered in this case are patent or patent-related claims, the court will look to decisions of the Federal Circuit Court of Appeals for guidance on the requirements for entry of judgment pursuant to Rule 54(b).

## I. INTRODUCTION AND BACKGROUND

### A. The Claims And Counterclaims

The parties to this lawsuit are both makers of tow bars used to tow an automobile behind a recreational vehicle (R.V.). The principal claims and counterclaims in this lawsuit originally concerned infringement, validity, and enforceability of the parties' patents for such tow bars. Dethmers's complaint, as amended, included the following ten claims: Count I for declaratory judgment of non-infringe-

David Tank, Davis, Brown, Koehn, Shors & Roberts, P.C., Brian J. Laurenzo, Dorsey

ment, invalidity, and unenforceability of Automatic's patent, United States Patent No. 5,356,166 (the '166 patent or the Automatic patent); Count II for damages, injunctive, and declaratory relief, arising from alleged infringement by Automatic of Dethmers's own patent, United States Patent No. Re32,-482 (the Re482 patent or the Dethmers reissue patent), which is a reissue of United States Patent No. 5,232,240 (the '240 patent or the Johnson patent); Count III for breach of contract, asserted by Dethmers as the assignee of Richard A. Parent, and concerning the "Parent Invention"; Count IV, a "statutory" claim, for misappropriation by Automatic of a trade secret, the "Parent Invention"; Count V, a "common-law" claim, for misappropriation of a trade secret, again, the "Parent Invention"; Count VI for conversion of the "Parent Invention"; Count VII for misappropriation of the "intellectual property" of Dethmers, again identified as the "Parent Invention"; Count VIII for unjust enrichment by Automatic as the result of its use of design concepts of the "Parent Invention" in its products; Count IX for promissory estoppel relating to the "Parent Invention"; and Count X for quantum meruit, also relating to the "Parent invention."

Automatic's counterclaims originally consisted of the following: Count I for declaratory judgment that Dethmers's original '240 patent and its Re482 patent are invalid, unenforceable, and not infringed by Automatic's products; Count II for "false advertising" in violation of the Lanham Act, 15 U.S.C. § 1125(a); Count III for "false marking" in violation of 35 U.S.C. § 292; Count IV for infringement of Automatic's '166 patent; and Count V for declaratory judgment of noninfringement, invalidity, and unenforceability of Dethmers's United States Patent No. 5,765,851 (the Parent patent or the '851 patent).

### B. Rulings On Dispositive Motions

As a result of this court's rulings on summary judgment motions, see *Dethmers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co.*, 23 F.Supp.2d 974 (N.D.Iowa 1998) (*Dethmers I*),

*appeal denied*, 185 F.3d 879, 1998 WL 968502 (Fed.Cir.1998) (table opinion); *Dethmers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co.*, 70 F.Supp.2d 944 (N.D.Iowa 1999) (*Dethmers II*), no patent claims, and none of Automatic's counterclaims, remain at issue here. The disposition of these claims and counterclaims sets the stage for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on less than all of the claims in the action.

Specifically, in *Dethmers I*, the court ruled as follows:

1. Automatic's December 5, 1997, motion to dismiss or in the alternative for partial summary judgment, for more definite statement, and to strike is **granted** as to summary judgment on all prayers for punitive damages on state-law claims, but otherwise **denied**.

2. Automatic's March 11, 1998, motion for summary judgment on the invalidity of the Re482 patent is **denied** as to insufficiency of "errors," and assertion that the reissue patent is not for the "same invention" as the original '240 patent, but **granted** as to the inadequacy of the reissue declaration, on the ground that it does not comply with the detail required by the decisions of the Federal Circuit Court of Appeals in *Nupla* [*Corp. v. IXL Mfg. Co., Inc.*, 114 F.3d 191 (Fed.Cir.1997),] and [*In re*] *Constant*, [827 F.2d 728 (Fed.Cir.1987), *cert. denied*, 484 U.S. 894, 108 S.Ct. 251, 98 L.Ed.2d 209 (1987),] and the former version of 37 C.F.R. § 1.175, and the Re482 patent is hereby declared **invalid**.

3. Dethmers's June 2, 1998, motion for summary judgment or in the alternative partial summary judgment on patent invalidity, unenforceability, and non-infringement is **denied** in its entirety.

*Dethmers I*, 23 F.Supp.2d at 1044. Thus, the ruling in *Dethmers I* would support the entry of final judgment on Count II of Dethmers's complaint and Count I of Automatic's Counterclaim.[1]

In *Dethmers II*, the court ruled as follows:

---

1. The court subsequently denied Dethmers's motion to reconsider the decision in *Dethmers I*, but certified its ruling on the first set of dispositive

motions for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *Dethmers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co.*, No. C 96–4061–

That portion of Dethmers's June 16, 1999, Motion for Summary Judgment and to Dismiss for Lack of Controversy asserting that there is no present controversy between Automatic and Dethmers regarding the '851 patent is **granted**. The court concludes that it does not have subject matter jurisdiction over Count V of Automatic's counterclaim concerning non-infringement, unenforceability, and invalidity of the '851 patent, because Automatic has failed to establish either prong of the "actual controversy" requirement for such a claim. Furthermore, Automatic's June 15, 1999, Motion for Summary Judgment of Invalidity of U.S. Patent No. 5,765,851 is denied for lack of subject matter jurisdiction and Count V of Automatic's counterclaim is **dismissed**.

Next, that portion of Dethmers's June 16, 1999, Motion for Summary Judgment and to Dismiss for Lack of Controversy asserting that Dethmers is entitled to summary judgment on both its claim of non-infringement and Automatic's claim of infringement of the '166 patent is granted. In light of an unrebutted *Warner–Jenkinson* presumption as to either of the two elements of the '166 patent at issue here, the court must conclude that prosecution history estoppel bars the application of the doctrine of equivalents as to those elements and the court has previously determined that Dethmers's accused devices do not literally infringe the '166 patent. *See Dethmers [I]*, 23 F.Supp.2d at 1037 & 1039. Summary judgment in Dethmers's favor is therefore granted on Count I of Dethmers's Third Amended and Substituted Complaint and on Count IV of Automatic's Counterclaim.

That portion of Dethmers's June 16, 1999, Motion for Summary Judgment and to Dismiss for Lack of Controversy seeking summary judgment on Automatic's counterclaim of "false advertising" is **granted**. Automatic has failed to generate a genuine issue of material fact on the element of "injury" on that portion of its "false advertising" claim premised on the "patented flex joint" representation, and has not properly requested that the court hold disposition of the motion for summary judgment in abeyance pending further discovery on that issue pursuant to Rule 56(f). On that portion of the "false advertising" claim premised on "infringement" representations, the evidence does not indicate the specific content or context of the statements such that no genuine issue of material fact is generated that the statements were statements of fact in commercial advertising or promotion about Automatic's goods or services. Summary judgment in Dethmers's favor is therefore granted on Count II of Automatic's Counterclaim.

Finally, that portion of Dethmers's June 16, 1999, Motion for Summary Judgment and to Dismiss for Lack of Controversy seeking summary judgment on Automatic's counterclaim of "false marking" is **granted**. Automatic has failed to generate a genuine issue of material fact as to the "intent to deceive" element of such a claim. Summary judgment in Dethmers's favor is therefore granted on Count III of Automatic's Counterclaim.

*Dethmers I*, 23 F.Supp.2d at 1020–22. Thus, the ruling in *Dethmers I* would support the entry of final judgment on Count I of Dethmers's Complaint and Counts II through V of Automatic's Counterclaims.

Dethmers notified the court shortly before the trial set to begin on October 18, 1999, that it was voluntarily dismissing five of its eight remaining state-law claims. Thus, the only claims remaining in this action are Dethmers's claims of breach of contract, unjust enrichment, and promissory estoppel. The court determined in its ruling on the first round of summary judgment motions that, in this diversity action, these claims are governed by Nebraska law. *See Dethmers I*, 23 F.Supp.2d at 1002–05. The remaining state-law claims involve the so-called "Parent Invention." The "Parent Invention" was an idea developed by Richard A. Parent for a

---

MWB, Order on Motion to Reconsider or in the Alternative to Certify for Interlocutory Appeal (Nov. 4, 1998). The Federal Circuit Court of Appeals denied the appeal on December 23, 1998. *See Dethmers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co.*, 185 F.3d 879 (Fed.Cir.1998) (table opinion).

new type of tow bar that involved a swivel or universal joint and folding tow bar arms. The tow bar could also be folded up on the back of an R.V. for storage when not in use. All of the remaining claims involve the assertion that Automatic has wrongfully used the "Parent Invention" in the design and manufacture of its tow bars without properly compensating Parent. Dethmers asserts these claims as Parent's assignee.

Trial in this matter has been continued so that the court and the parties can consider the propriety of entry of final judgment pursuant to Rule 54(b) on the various claims the court has dismissed or on which the court has entered summary judgment (but not on claims voluntarily dismissed) and the propriety of certifying certain questions of state law on the remaining claims to the Nebraska Supreme Court. This ruling represents the disposition of the first of those considerations, the entry of final judgment pursuant to Rule 54(b), on some, but not all, of the claims in this action.

## II. LEGAL ANALYSIS

### A. Language And Purpose Of Rule 54(b)

■ Ordinarily, "[i]n a case involving more than one claim, there is no final decision until a judgment is entered adjudicating all of the claims." *Spraytex, Inc. v. DJS & T*, 96 F.3d 1377, 1379 (Fed.Cir.1996) (citing 9 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 110.08[1], p. 45 (1996)). However, Rule 54(b) of the Federal Rules of Civil Procedure provides for entry of judgment on less than all of the claims in a lawsuit under certain circumstances:

(b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and di-

rection, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED.R.CIV.P. 54(b). Thus, as the Federal Circuit Court of Appeals has recognized,

Rule 54(b) requires clear and unmistakable direction by the district court before appeal may be taken on less than all claims in a case. In doing so, the court must make an express statement of finality and indicate the lack of a just reason for delay. *W.L. Gore & Assocs., Inc. v. International Medical Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 24 USPQ2d 1195 (Fed. Cir.1992).

*Spraytex, Inc.*, 96 F.3d at 1379; *Houston Indus., Inc. v. United States*, 78 F.3d 564, 567 (Fed.Cir.1996) ("This court reviews a Rule 54(b) certification to determine (1) whether the judgment is final with respect to one or more claims and (2) whether the trial court properly concluded that there was no just reason for delay."); *W.L. Gore & Assocs., Inc. v. International Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 861–62 (Fed.Cir.1992) (same); FED.R.CIV.P. 54(b) (requiring express statements of finality and no just reason for delay).

■ The Federal Circuit Court of Appeals has explained that the purpose of the "finality" and "no just reason for delay" requirements is to balance "[t]he need for immediate appeal and the policy against piecemeal review." *Spraytex, Inc.*, 96 F.3d at 1382 (citing *Chaparral Communications, Inc. v. Boman Indus., Inc.*, 798 F.2d 456, 459 (Fed.Cir. 1986), which in turn stated that the district court "properly considered the competing equities and properly concluded that the need for an immediate appeal was clearly outweighed by the policy against piecemeal adjudication"). These two requirements are subject to two different standards of review:

We review *de novo* a district court's determination whether a judgment is final with

respect to one or more claims, while the determination that there was no just reason for delay is reviewed under an abuse of discretion standard. [*W.L. Gore & Assocs., Inc.,* 975 F.2d] at 862, 24 USPQ2d at 1198; *see also Houston Indus., Inc. v. United States,* 78 F.3d 564, 567 (Fed.Cir. 1996).

*Spraytex, Inc.,* 96 F.3d at 1379; *W.L. Gore,* 975 F.2d at 862 (same standard of review). The Federal Circuit Court of Appeals and the United States Supreme Court have "rejected the view that the mere recitation of finality and 'no just reason for delay' by the district court pursuant to Rule 54(b) automatically renders a judgment appealable as a final decision pursuant to 28 U.S.C. § 1291 (1988)." *W.L. Gore,* 975 F.2d at 862 (citing *Wetzel,* 424 U.S. at 742, 96 S.Ct. 1202). Therefore, the court will explore in more detail these two prerequisites for Rule 54(b) certification.

### B. Requirements Of The Rule

#### 1. Finality

■ "In order for Rule 54(b) to apply, the judgment must be final with respect to one or more claims." *W.L. Gore,* 975 F.2d at 861.[2] Although the trial court has the discretion to determine whether there is any just reason for delay, "the 'District Court *cannot,* in the exercise of its discretion, treat as "final" that which is not "final" within the meaning of [28 U.S.C.] § 1291.'" *W.L. Gore,* 975 F.2d at 862 (quoting *Sears,* 351 U.S. at 437, 76 S.Ct. 895) (emphasis in quoted source). The "finality" requirement is founded on the policy against piecemeal litigation and delays caused by appeals of nonfinal decisions. *See Spraytex, Inc.,* 96 F.3d at 1382 (citing *Teller Envtl. Sys., Inc. v. United States,* 802 F.2d 1385, 1388 (Fed.Cir.1986)).

The Federal Circuit Court of Appeals has explained that "[a] judgment is final for Rule 54(b) purposes when it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Houston Indus., Inc.,* 78 F.3d at 567 (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956));

*W.L. Gore,* 975 F.2d at 861–62 ("A judgment is not final for Rule 54(b) purposes unless it is 'an *ultimate* disposition of an *individual* claim entered in the course of a multiple claims action,'" quoting *Sears,* 351 U.S. at 436, 76 S.Ct. 895, with emphasis added by the court in *W.L. Gore*). The Federal Circuit Court of Appeals has emphasized that "[t]he requirement of finality is a statutory mandate and not a matter of discretion." *W.L. Gore,* 975 F.2d at 862 (citing *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 742, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976)).

In *Houston Industries,* the Federal Circuit Court of Appeals rejected the argument that "an issue constitutes a Rule 54(b) claim if the facts and legal theory underlying the issue are distinct from the facts and legal theories underlying the remaining unresolved issues." *Houston Indus., Inc.,* 78 F.3d at 567. The court explained:

> [This] argument is not persuasive for two reasons. First, it confuses the factors underlying the trial court's determination of whether just cause for delay exists. Second, in order for Rule 54(b) to apply, the judgment must be final with respect to *one or more claims.* The resolution of individual issues within a claim does not satisfy the requirements of Rule 54(b). *Compare Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 742–43, 96 S.Ct. 1202, 1205–06, 47 L.Ed.2d 435 (1976) (entry of judgment under Rule 54(b) was not proper where district court determined issue of liability in employment discrimination claim but requests for relief, including damages, remained).

*Houston Indus., Inc.,* 78 F.3d at 567 (emphasis in the original). Instead, the Federal Circuit Court of Appeals considered whether the judgment resolved one or more entire "causes of action," not just "issues," to determine whether there was a final judgment on a "claim" for Rule 54(b) purposes. *Houston Indus., Inc.,* 78 F.3d at 567–68 (holding that determination of a tax refund for a particular tax year creates a single "claim" under Rule 54(b), because the total tax liability for each taxable year constitutes "'a single, unified

---

**2.** Obviously, for the rule to apply, there must be more than one claim at issue, although only one such claim must be "final." *See* FED.R.CIV.P. 54(b); *W.L. Gore,* 975 F.2d at 864.

cause of action, regardless of the variety of contested issues and points that may bear on the final computation,'" quoting *Finley v. United States,* 612 F.2d 166, 170 (5th Cir. 1980), but determination of a single issue for a single tax year was not resolution of a unified cause of action). Likewise, Rule 54(b) does not permit certification of a defense; indeed, Rule 54(b) does not come into play when only a mere defense is left unadjudicated. *W.L. Gore,* 975 F.2d at 863.

■ In short, a judgment is "final" for Rule 54(b) purposes "where it 'ends the litigation on the merits [of a claim] and leaves nothing for the court to do but execute the judgment.'" *Id.* (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). As an example that is pertinent here, the Federal Circuit Court of Appeals has ruled that where a court has decided that a patent is invalid or not infringed, it need not address any other defense to a patent infringement claim before certifying that claim as "final" pursuant to Rule 54(b), because "[t]he law is clear that a 'defendant need only sustain one decisive defense, not all of them.'" *Id.* (quoting *Baumstimler v. Rankin,* 677 F.2d 1061, 1070 (5th Cir.1982)).

### 2. *No just reason for delay*

As suggested in *Houston Industries,* an important consideration in deciding whether there is "no just reason for delay," the second requirement for Rule 54(b) certification, FED. R. CIV. P. 54(b), is "the separateness of the claims for relief." *Spraytex, Inc.,* 96 F.3d at 1382; *accord Houston Indus., Inc.,* 78 F.3d at 567 (rejecting an argument that factual and legal distinctness determined a "claim" for Rule 54(b) purposes, because the argument "confuses the requirement for finality with the factors underlying the trial court's determination of whether just cause for delay exists"); *W.L. Gore,* 975 F.2d at 862 ("The separateness of the claims for relief ... is a matter to be taken into account in reviewing the trial court's exercise of discretion in determining that there is no just reason to delay the appeal.").

■ The Federal Circuit Court of Appeals has explained the analysis of the "no just reason for delay" factor as follows:

In *Curtiss–Wright [Corporation v. General Electric Company],* the Supreme Court stated:

> [I]n deciding whether there are no just reasons to delay ... [i]t was ... proper for the District Judge ... to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

446 U.S. [1,] 8, 100 S.Ct. [1460,] 1465, 64 L.Ed.2d 1 [ (1980) ] (footnote omitted). Likewise in an earlier case, the Supreme Court stated:

> [T]he relationship of the adjudicated claims to the unadjudicated claims is one of the factors which the District Court can consider in the exercise of its discretion. If the District Court certifies a final order on a claim which arises out of the same transaction and occurrence as pending claims, and the Court of Appeals is satisfied that there has been no abuse of discretion, the order is appealable.

*Cold Metal Process Co. v. United Eng'g & Foundry Co.,* 351 U.S. 445, 452, 76 S.Ct. 904, 909, 100 L.Ed. 1311 (1956).

*W.L. Gore,* 975 F.2d at 862. Thus, "even where there is some factual overlap of issues, other factors may justify the district court's exercise of discretion to certify an appeal in a given case." *Id.* at 864.

### C. *Effect Of Rule 54(b) Certification*

■ As noted above, the district court's Rule 54(b) certification does not guarantee appellate review of the merits of the judgment. Instead, the appellate court first "reviews a Rule 54(b) certification to determine (1) whether the judgment is final with respect to one or more claims and (2) whether the trial court properly concluded that there was no just reason for delay." *Houston Indus., Inc.,* 78 F.3d at 567. This review is pursuant to a bifurcated standard: The determination of finality is subject to *de novo*

review, while the determination of no just reason for delay is reviewed for abuse of discretion. *See Spraytex, Inc.*, 96 F.3d at 1379; *W.L. Gore*, 975 F.2d at 862. If the court determines that Rule 54(b) certification was erroneously entered, on either the "finality" or "no just reason for delay" ground, it will not reach the merits of the judgment, on the ground that the appellate court has no proper jurisdiction. *See Houston Indus., Inc.*, 78 F.3d at 568 (concluding that there was no "final" judgment on any claim, so that the court had no jurisdiction over the appeal). Where the appellate court is satisfied that both requirements have been met, however, "Rule 54(b) certification [is] proper, and [the appellate court] has jurisdiction to hear the appea[l]." *W.L. Gore*, 975 F.2d at 865 (reinstating appeals, previously dismissed for lack of jurisdiction, after determining that Rule 54(b) certification had been proper). It will then consider the merits of the appeal. *Id.*

### D. Certification Here

■ Again, the candidates for entry of final judgment pursuant to Rule 54(b) in this case are Counts I and II of Dethmers's Complaint, which are claims based upon the '166 patent and the Re482 patent, respectively, and Counts I through V of Automatic's Counterclaim, which are claims based upon the Re482 patent, "false advertising," "false marking," the '166 patent, and the '851 patent, respectively.[3] The court concludes that judgment on each of these claims is "final" and that there is "no just reason for delay" of the entry of judgment pursuant to Rule

54(b). However, because this recitation of "finality" and "no just reason for delay" does not "render[ ] a judgment appealable as a final decision pursuant to 28 U.S.C. § 1291 (1988)," *W.L. Gore*, 975 F.2d at 862 (citing *Wetzel*, 424 U.S. at 742, 96 S.Ct. 1202), the court will explain the basis for its conclusions.

### 1. Finality

As explained above, "[a] judgment is final for Rule 54(b) purposes when it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Houston Indus., Inc.*, 78 F.3d at 567 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436, 76 S.Ct. 895); *accord W.L. Gore*, 975 F.2d at 861–62. The court has reached an "ultimate disposition" of each of the individual claims identified above, leaving other claims in this multiple claims action—the state-law claims of breach of contract, promissory estoppel, and unjust enrichment—unresolved. For the following reasons, the court's decisions in *Dethmers I* and *Dethmers II* resolve these "causes of action" in their entirety, not just "issues" involved in those causes of action. *See id.* at 567–68.

As to Count I of Dethmers's Complaint and Count IV of Automatic's Counterclaim, the decisions in *Dethmers I* and *Dethmers II* together make an "ultimate disposition" of claims related to infringement, validity, and enforceability of the '166 patent. In *Dethmers I*, the court determined that Dethmers's accused devices do not literally infringe the '166 patent. *Dethmers I*, 23

---

3. More specifically, these claims are appropriate candidates for Rule 54(b) certification as follows: (1) Count I of Dethmers's Complaint, for declaratory judgment of non-infringement, invalidity, and unenforceability of Automatic's patent, United States Patent No. 5,356,166 (the '166 patent or the Automatic patent), because this court granted summary judgment of non-infringement of the '166 patent; (2) Count II of Dethmers's Complaint, for damages, injunctive, and declaratory relief, arising from alleged infringement by Automatic of Dethmers's own patent, United States Patent No. Re32,482 (the Re482 patent or the Dethmers reissue patent), which is a reissue of United States Patent No. 5,232,240 (the '240 patent or the Johnson patent), because this court granted summary judgment as to the inadequacy of the reissue declaration and therefore declared

the Re482 patent invalid; (3) Count I of Automatic's Counterclaim, because this court entered summary judgment for the same reasons summary judgment was entered on Count II of Dethmers's Complaint; (4) Count II of Automatic's Counterclaim, the "false advertising" claim, because the court entered summary judgment in favor of Dethmers; (5) Count III of Automatic's Counterclaim, the "false marking" claim, because the court entered summary judgment in favor of Dethmers; (6) Count IV of Automatic's Counterclaim, concerning the '166 patent, because the court entered summary judgment for the same reasons such judgment was entered on Count I of Dethmers's Complaint; and (6) Count V of Automatic's Counterclaim, concerning the '851 patent, because the court dismissed the claim for lack of subject matter jurisdiction.

F.Supp.2d at 1037 & 1039. In *Dethmers II,* the court concluded that, in light of an unrebutted *Warner–Jenkinson* presumption as to either of the two elements of the '166 patent at issue in this litigation, prosecution history estoppel bars the application of the doctrine of equivalents as to those elements. *See Dethmers II,* 70 F.Supp.2d at 983–985. Because this court has concluded that there can be no infringement of the '166 patent in this case, Dethmers is entitled to final judgment in its favor on both Count I of its Complaint and Count IV of Automatic's Counterclaim. All that remains is for the court to "execute the judgment," *W.L. Gore,* 975 F.2d at 863 (quoting *Catlin,* 324 U.S. at 233, 65 S.Ct. 631), by declaring that Dethmers's accused devices do not infringe the '166 patent.

A slightly different situation obtains as to Count II of Dethmers's Complaint and Count I of Automatic's Counterclaim, which address the validity, enforceability, and infringement of the Re482 patent. In *Dethmers I,* the court found that the reissue declaration for the Re482 patent does not comply with the detail required by the decisions of the Federal Circuit Court of Appeals in *Nupla Corp. v. IXL Mfg. Co., Inc.,* 114 F.3d 191 (Fed.Cir. 1997), and *In re Constant,* 827 F.2d 728 (Fed.Cir.1987), *cert. denied,* 484 U.S. 894, 108 S.Ct. 251, 98 L.Ed.2d 209 (1987), and the former version of 37 C.F.R. § 1.175, and therefore the court declared the Re482 patent invalid. *See Dethmers I,* 23 F.Supp.2d at 1044. As noted by the Federal Circuit Court of Appeals in *W.L. Gore,* a finding of invalidity is sufficient to dispose of such a claim, and the court need not address any other defense to a patent infringement claim before certifying that claim as "final" pursuant to Rule 54(b), because "[t]he law is clear that a 'defendant need only sustain one decisive defense, not all of them.'" *W.L. Gore,* 975 F.2d at 863 (quoting *Baumstimler,* 677 F.2d at 1070). Thus, the decision in *Dethmers I* disposes of these entire "causes of action," *Houston,* 78 F.3d at 567–68, and essentially "'ends the litigation on the merits [of the claims premised on the Re482 patent] and leaves nothing for the court to do but execute the judgment'" as to these claims, *W.L. Gore,* 975 F.2d at 863 (quoting *Catlin,* 324

U.S. at 233, 65 S.Ct. 631), by reiterating in a final judgment its declaration that the Re482 patent is invalid.

■ Entry of final judgment is also proper as to the last of the true "patent" claims in this litigation, Count V of Automatic's Counterclaim, which asserts non-infringement, invalidity, and unenforceability of Dethmers's '851 patent, on quite a different ground. The court resolved the other patent claims on their merits, but it dismissed this "cause of action" in its entirety for lack of subject matter jurisdiction. *See Houston,* 78 F.3d at 567–68 (finality requires disposition of an entire "cause of action"). In *Dethmers II,* this court found that Automatic had failed to establish either prong of the "actual controversy" requirement for such a claim. *See Dethmers II,* 70 F.Supp.2d at 944. If the court finds that it lacks subject matter jurisdiction over a claim, that determination "'ends the litigation on the merits [of the claim],'" albeit even before the merits are reached, and there is nothing left for the court to do but dismiss the claim. *Cf. W.L. Gore,* 975 F.2d at 863. Thus, disposition of this cause of action will also be final upon entry of a judgment of dismissal.

This brings the court to the finality of the two patent-related claims, Counts II and III of Automatic's Counterclaim, which assert "false advertising" in violation of the Lanham Act, 15 U.S.C. § 1125(a), and "false marking" in violation of 35 U.S.C. § 292, respectively. Both claims are premised on allegedly misleading references to Dethmers's Re482 patent, and statements asserting Automatic's infringement of that patent, on Dethmers's products, in its advertising literature, and in other contexts. This court concluded in *Dethmers II* that the "false advertising" and the "false marking" claims were both governed by the law of the Federal Circuit, because both involved the "'scope of [a] paten[t].'" *Dethmers II,* 70 F.Supp.2d at 974, 983 (quoting *Zenith Electronics Corporation v. Exec, Inc.,* 182 F.3d 1340, 1347 (Fed.Cir. 1999)). The court's decision in *Dethmers II* also fully disposes of the "false advertising" and "false marking" "causes of action," *Houston,* 78 F.3d at 567–68, because that decision concluded that Automatic had failed

to generate genuine issues of material fact on essential elements of these causes of action. The decision thus " 'ends the litigation on the merits [of the "false advertising" and "false marking" claims] and leaves nothing for the court to do but execute the judgment' " as to those claims, *W.L. Gore*, 975 F.2d at 863 (quoting *Catlin*, 324 U.S. at 233, 65 S.Ct. 631), by directing entry of judgment in favor of Dethmers and against Automatic on them.

These conclusions concerning the "finality" of the claims under discussion lead the court to consider next whether there is "no just reason for delay" in the entry of judgment. *See* FED.R.CIV.P. 54(b) (requiring both "finality" and "no just reason for delay").

### 2. No just reason for delay

Whether there is "no just reason for delay" in the entry of final judgment pursuant to Rule 54(b), as noted above, depends in large part on "the separateness of the claims for relief." *Spraytex, Inc.*, 96 F.3d at 1382; *Houston Indus., Inc.*, 78 F.3d at 567; *W.L. Gore*, 975 F.2d at 862. However, "even where there is some factual overlap of issues, other factors may justify the district court's exercise of discretion to certify an appeal in a given case." *W.L. Gore*, 975 F.2d at 864.

The court acknowledges that there may be some factual overlap between the claims on which judgment is contemplated and the remaining state-law claims of breach of contract, promissory estoppel, and unjust enrichment, and agrees that all arise from the same transactions or occurrences. However, in its ruling on motions in limine, *Dethmers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co.*, 73 F.Supp.2d 997 (N.D.Iowa 1999) (*Dethmers (Limine)* ), the court ruled that evidence concerning the various patents and its ruling on claims that had been disposed of would not be admissible at trial of the remaining state-law claims. Although the court has been asked to reconsider that ruling in light of assertions that evidence concerning some of the patents may be relevant and admissible on questions of the value of the Parent Invention, or to the context of the remaining claims, even assuming—without deciding— that this is true, these assertions would not establish a degree of factual overlap between the claims on which entry of judgment is contemplated and the remaining claims " 'such that [an] appellate court would have to decide the same issues more than once even if there were subsequent appeals.' " *W.L. Gore*, 975 F.2d at 862 (quoting *Curtiss–Wright Corporation v. General Electric Company*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). Rather, the claims on which judgment is contemplated and the remaining claims address separate wrongs. Furthermore, the parties have not argued, and the court cannot find, that disposition of the patent and patent-related claims is dispositive of any of the remaining claims, or even dispositive of more than discrete issues on any remaining claims.

Finally, the court notes that the parties and the court now contemplate certifying certain questions on the remaining claims to the Nebraska Supreme Court. Thus, it would unjustly delay entry of judgment on the patent and patent-related claims to await answers to certified questions and trial of the state-law claims. Instead, entry of judgment pursuant to Rule 54(b) on the patent and patent-related claims will make it more likely that all of the claims in this case can be tried in one proceeding—if this court's disposition of the patent and patent-related claims does not withstand appeal—with proper guidance from the Nebraska Supreme Court and the Federal Circuit Court of Appeals and consequent economies to the parties and the court.

Therefore, the court concludes that there is no just reason for delay in the entry of judgment pursuant to Rule 54(b) on the patent and patent-related claims.

### III. CONCLUSION

For the foregoing reasons, the court finds that final judgment should be entered on the patent and patent-related claims and that there is no just reason to delay the entry of such judgment. *See* FED.R.CIV.P. 54(b). Therefore, final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure shall enter as follows:

1. Judgment shall be entered in favor of Dethmers on Count I of Dethmers's Complaint and Count IV of Automatic's Counter-

claim and the court declares that Dethmers's accused devices do not infringe United States Patent No. 5,356,166.

2.  Judgment shall be entered in favor of Automatic on Count II of Dethmers's Complaint and Count I of Automatic's Counterclaim, and the court declares that United States Patent No. Re32,482 is invalid.

3.  Judgment shall be entered dismissing Count V of Automatic's Counterclaim for lack of subject matter jurisdiction.

4.  Judgment shall be entered in favor of Dethmers on Counts II and III of Automatic's Counterclaim.

The Clerk of Court is directed to enter judgment accordingly.  Notwithstanding the entry of judgment as stated above pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Counts III, VIII, and IX of Dethmers's Complaint remain pending before this court.

**IT IS SO ORDERED.**