DETHMERS MANUFACTURING COMPANY, INC., Plaintiff–Appellant,

v.

AUTOMATIC EQUIPMENT MFG CO., Appellant.

Nos. 00–1114, 00–1130.

United States Court of Appeals, Federal Circuit.

June 13, 2002.

David A. Tank, Davis, Brown, Koehn, Shors & Roberts, P.C., of Des Moines, IA, filed a petition for rehearing en banc for plaintiff-appellant. With him on the petition were Brian J. Laurenzo and Michael C. Gilchrist, Dorsey & Whitney, LLP, of Des Moines, IA.

Timothy R. Engler, Harding, Schultz & Downs, of Lincoln, NE, filed a response for defendant-cross appellant. With him on the response was Donald R. Schoonover, Schoonover Law Firm, of Fremont Hills, MO.

John M. Whealan, Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, filed an amicus curiae brief for the Director of the United States Patent and Trademark Office. With him on the brief were Kristin L. Yohannan and Cynthia C. Lynch, Associate Solicitors.

ON PETITION FOR REHEARING EN BANC

### ORDER

A petition for rehearing en banc was filed by the Appellant, and a response thereto was invited by the court and filed by the Cross Appellant. The United States Patent and Trademark Office filed a brief as amicus curiae.

This matter was referred first as a petition for rehearing to the merits panel that heard this appeal. Thereafter, the petition for rehearing en banc, response, and the amicus curiae brief were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for rehearing is denied.

(2) The petition for rehearing en banc is denied.

LINN, Circuit Judge, with whom NEWMAN, LOURIE, DYK, and PROST, Circuit Judges, join, dissents in a separate opinion.

DYK, Circuit Judge, with whom NEWMAN, LOURIE, GAJARSA, LINN, and PROST, Circuit Judges, join, dissents in a separate opinion.

The mandate of the court will issue on June 20, 2002.

LINN, Circuit Judge, with whom NEWMAN, LOURIE, DYK, and PROST, Circuit Judges, join, dissenting from the order denying rehearing en banc.

The panel decision invalidates certain reissue claims, not based on any of the statutory grounds of patentability recited in 35 U.S.C. §§ 101, 102, 103 or 112, nor on any requirement of 35 U.S.C. § 251, but on the application by the United States Patent and Trademark Office ("PTO") of its own procedural rule specifying the content of a reissue oath or declaration. The decision applies a de novo standard of review in reliance on *Nupla Corp. v. IXL Mfg. Co.,* 114 F.3d 191, 42 USPQ2d 1711 (Fed.Cir.1997).

The panel decision raises a serious question regarding the effect of the statutory presumption of validity to which the patent is entitled under 35 U.S.C. § 282, in circumstances where the PTO's actions in administering its own procedural regulations are challenged. The presumption of validity reflects the deference due the PTO's determination of patentability and the administrative regularity underlying the patent grant. This deference was described in *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.* as:

> ... the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents.

725 F.2d 1350, 1359, 220 USPQ 763, 770 (Fed.Cir.1984).

> In *Hyatt v. Boone,* this Court remarked: Regularity of routine administrative procedures [administered by the PTO] is presumed, and departure therefrom ... is not grounds of collateral attack. Courts should not readily intervene in the day-to-day operations of an administrative agency, especially when the agency practice is in straightforward implementation of the statute.

146 F.3d 1348, 1355–56, 47 USPQ2d 1128, 1133 (Fed.Cir.1998). *Cf. Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945) ("The intention of Congress or the principles of the Constitution in some situations may be relevant in the first instance in choosing between various constructions [of an administrative regulation]. But the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation."); *Vermont Yankee Nuclear Power Corp. v. Natural Res.*

*Def. Council, Inc.*, 435 U.S. 519, 524, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978) ("[T]his Court has for more than four decades emphasized that the formulation of procedures was basically to be left within the discretion of the agencies to which Congress had confided the responsibility for substantive judgments.").

From these decisions it can be argued that once a patent issues, non-compliance with a procedural rule administered by the PTO within the scope of the agency's statutory authority and found, by virtue of the grant of the patent, to have been satisfied during prosecution is, in and of itself, of no consequence. The holding of the majority in the present case, based on *Nupla*, that a patent may be invalidated due to an examiner's misapplication of a PTO procedural rule, is contrary to that proposition and rests on a ground of invalidity not included in the exclusive list of grounds for invalidating a patent set forth in 35 U.S.C. § 282. The holding is thus based on a questionable foundation and fails to recognize the statutory presumption of validity to which every issued United States patent is entitled. To the extent *Nupla* concludes otherwise, it is incorrect and should be overruled.

Moreover, application of the de novo standard of review in the context of this case, following *Nupla*, is contrary to the deference owed to PTO interpretations of its own procedural rules. *See Dickinson v. Zurko*, 527 U.S. 150, 161, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999); *Bowles*, 325 U.S. at 413–14, 65 S.Ct. 1215.

The panel decision thus raises important questions both as to the effect of the statutory presumption of validity on the consideration of alleged violations of PTO procedural rules in post-grant *inter partes* proceedings and as to the deference owed to the PTO under the Administrative Procedure Act following *Zurko*. For these reasons, I respectfully dissent from the court's declining to consider this case en banc.

DYK, Circuit Judge, with whom NEWMAN, LOURIE, GAJARSA, LINN, and PROST, Circuit Judges, join, dissenting from the order denying rehearing en banc.

The court's decision declining to hear this case *en banc* perpetuates a serious anomaly in the patent law. The central issue is whether the United States Patent and Trademark Office ("PTO"), in interpreting and applying its own regulations, earns the same deference as other administrative agencies. The panel decision holds that the PTO's interpretation earns no deference, following our earlier decisions in *In re Constant*, 827 F.2d 728, 729, 3 USPQ2d 1479, 1480 (Fed.Cir.), *cert. denied*, 484 U.S. 894, 108 S.Ct. 251, 98 L.Ed.2d 209 (1987), and *Nupla Corp. v. IXL Manufacturing Co.*, 114 F.3d 191, 193, 42 USPQ2d 1711, 1713 (Fed.Cir.1997).

Although this issue arises in the context of a reissue regulation that has been changed, 37 C.F.R. § 1.175 (1996), the significance of this case is unaffected. The issue is not how the regulation should be construed, but rather the standard of deference due the PTO's interpretation of the regulation. Our decision on that deference issue, declining to give deference to the PTO interpretation, is directly inconsistent with Supreme Court decisions concerning other agencies[1] and with our own deci-

---

1. *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 220, 121 S.Ct. 1433, 149 L.Ed.2d 401 (2001); *Auer v. Robbins*, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997); *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994); *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945); *see also Vt. Yankee Nuclear Pow-*

sions concerning other agencies, *see, e.g., American Express Co. v. United States,* 262 F.3d 1376, 1382–83 (Fed.Cir.2001), and direct review cases involving the PTO itself, *see, e.g., Kubota v. Shibuya,* 999 F.2d 517, 521, 27 USPQ2d 1418, 1421 (Fed.Cir. 1993); *Hyatt v. Boone,* 146 F.3d 1348, 1355–56, 47 USPQ2d 1128, 1133 (Fed.Cir. 1998), *cert. denied,* 525 U.S. 1141, 119 S.Ct. 1032, 143 L.Ed.2d 41 (1999). There is no reason to deny deference here. Indeed, if anything, more deference should be afforded the PTO in this particular area because we are ill equipped to determine whether the PTO has received the information that it deems necessary for an examination.

Resolution of the deference issue, as the PTO has urged, is of "exceptional importance." I respectfully dissent from the decision to deny *en banc* rehearing.

*er Corp. v. Natural Res. Def. Council, Inc.,* 435 U.S. 519, 524, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978); *Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.,* 423 U.S. 326, 333–34, 96 S.Ct. 579, 46 L.Ed.2d 533 (1976).