**BOSTON EDISON COMPANY,**
**Plaintiff–Appellee,**

v.

**UNITED STATES, Defendant–**
**Appellant.**

**Entergy Nuclear Generation Company,**
**Plaintiff–Appellant,**

v.

**United States, Defendant–Appellee.**

Nos. 2008–5066, 2008–5070.

United States Court of Appeals,
Federal Circuit.

Oct. 7, 2008.

Before MAYER, LOURIE, and DYK, Circuit Judges.

## ON MOTION

MAYER, Circuit Judge.

### ORDER

The parties respond to this court's order concerning whether this court has jurisdiction over these appeals. Entergy Nuclear Generation Company moves for leave to file a supplemental response. Boston Edison Company replies.

Boston Edison sued the United States for damages related to its contract with the Department of Energy (DOE) and DOE's failure to begin acceptance of spent nuclear fuel. Boston Edison sold its interests in the nuclear power station to Entergy. Boston Edison sought damages, inter alia, for breach of contract and for the diminished value that it asserted it obtained when it sold the nuclear power station to Entergy. Entergy filed its own suit for damages arising out of DOE's failure to begin acceptance of spent nuclear fuel. The United States Court of Federal Claims consolidated the Boston Edison case and Entergy Nuclear case for purposes of addressing certain shared issues and issued one decision concerning the issues for both cases.

The Court of Federal Claims rejected the arguments of the United States and Entergy and decided that spent nuclear fuel storage costs and costs associated with returning the site to a green-field condition were included in a decommissioning fund transferred to Entergy by Boston Edison. The Court of Federal Claims also rejected objections raised by the United States and Entergy concerning the conclusions of Boston Edison's experts. The United States notes that Entergy had argued that it did not reduce its purchase price because of DOE's delay in acceptance of spent nuclear fuel and that it did not receive compensation from Boston Edison to account for the delay. The trial court disagreed, and the United States asserts that determination is one of the issues that would be raised by it in this appeal.

The Court of Federal Claims rejected the United States' argument that it should decide that any judgment entered in favor of Entergy should be offset by any judgment entered in favor of Boston Edison, stating that such issues might be considered in the case involving Entergy. The Court of Federal Claims awarded more than 40 million dollars to Boston Edison.

Because the cases were consolidated below, even if only for limited purposes, absent entry of a proper Fed.R.Civ.P. 54(b) judgment we would not have jurisdiction in any appeal in this matter until entry of a final judgment deciding the entire consolidated matter. *See Spraytex, Inc. v. DJS & T,* 96 F.3d 1377, 1382 (Fed.Cir.1996). In *Spraytex,* we recognized that a trial court may, when appropriate, enter a Rule 54(b) judgment if it chooses to enter a judgment in a portion of a consolidated matter. *Id.*

The Court of Federal Claims granted a motion to enter a Rule 54(b) judgment insofar as its rulings affect Boston Edison's case and denied a motion to enter a Rule 54(b) judgment related to its rulings

that may affect the case involving Entergy. Both the United States and Entergy filed notices of appeal. We requested that the parties respond whether the Rule 54(b) judgment was improperly entered.

We determine that, because the claims of Boston Edison and Entergy are very intertwined, the 54(b) judgment should not have been entered. Because the Court of Federal Claims declined to enter a 54(b) judgment involving Entergy, Entergy cannot appeal, and it acknowledges that its appeal must be dismissed. However, some of the Court of Federal Claims' determinations in the 54(b) judgment on review will have a direct effect on the issues in the case involving Entergy. Thus, either this court would be called upon to decide the same issues more than once if there were subsequent appeals or this court's decision in this appeal would determine those issues for both cases even though Entergy cannot now seek review of the holdings. Under these circumstances, it was improper to enter the 54(b) judgment. *See Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8–10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (trial court may decide "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once if there were subsequent appeals"; court of appeals must "scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units"); *W.L. Gore & Assocs., Inc. v. International Med. Prosthetics Res. Assocs., Inc.*, 975 F.2d 858, 862 (Fed.Cir.1992) ("[t]he separateness of the claims for relief, on the other hand, is a matter to be taken into account in reviewing the trial court's exercise of discretion in determining that there is no just reason to delay the appeal.").

Because the Rule 54(b) judgment was not proper, we remand with instructions to vacate the judgment. We make no determination concerning the merits of the trial court's rulings.

Accordingly,

IT IS ORDERED THAT:

(1) Entergy's appeal is dismissed.

(2) The case involving Boston Edison is remanded to the Court of Federal Claims with instructions to vacate the Rule 54(b) judgment.

(3) Entergy's motion for leave to file a supplemental response is granted.

(4) All other pending motions are moot.

(5) All sides shall bear their own costs.