NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2009-5029, -5092

VERMONT YANKEE NUCLEAR POWER CORPORATION,

Plaintiff-Appellant,

v.

ENTERGY NUCLEAR VERMONT YANKEE, LLC
and ENTERGY NUCLEAR OPERATIONS, INC.,

Plaintiffs-Appellees,

v.

UNITED STATES,

Defendant-Appellant.

Appeal from the United States Court of Federal Claims in consolidated cases 02-CV-898 and 03-CV-2663, Judge Thomas C. Wheeler.

ON MOTION

Before SCHALL, PROST, and MOORE, Circuit Judges.

PROST, Circuit Judge.

## ORDER

Vermont Yankee Nuclear Power Corporation, Entergy Nuclear Vermont Yankee, LLC (ENVY) and Entergy Nuclear Operations, Inc. (ENO) (collectively, ENVY and ENO are referred to in this order as Entergy), and the United States each respond to the court's order directing them to respond whether the Fed. R. Civ. P. 54(b) judgment was properly entered by the United States Court of Federal Claims.

The underlying proceedings involve litigation over a Standard Contract requiring Department of Energy (DOE) to accept spent nuclear fuel. Vermont Yankee owned and operated a power station that generated spent nuclear fuel until 2002. In 2002, Vermont Yankee sold the power station to ENVY. One day prior to the completion of the sale, Vermont Yankee filed suit against the United States seeking damages for (1) costs to provide for extended on-site storage of spent nuclear fuel prior to the sale of the power station and (2) alleged diminution in the sale price. In 2003, ENVY and ENO filed suit against the United States in the Court of Federal Claims to recover damages for DOE's breach of its obligation to dispose of spent nuclear fuel. ENVY and ENO sought damages for the time periods both before and after it purchased the power station. The trial court consolidated the cases for purposes of trial and discovery.

ENVY moved for summary judgment, arguing that in the Purchase and Sale Agreement Vermont Yankee assigned to ENVY all claims against DOE with the exception of claims relating to a one-time fee that Vermont Yankee was required to pay relating to spent nuclear fuel that power station operators already had in possession at the time they signed Standard Contracts in 1983. ENVY argued that Vermont Yankee's claims in this case, seeking pre-sale storage cost damages and damages for alleged diminution in the sale price, do not relate to the one-time fee and thus were assigned to ENVY.

The trial court granted ENVY's summary judgment motion, holding that Vermont Yankee's claims do not relate to the one-time fee and thus Vermont Yankee had not retained those claims in the Purchase and Sale Agreement. The trial court dismissed Vermont Yankee's complaint, and Vermont Yankee appealed. The United States

moved to vacate, alter, or amend the trial court's October 30, 2008 judgment, resulting in this court deactivating the appeal pending resolution of that motion. Vermont Yankee informs the court that the trial court has now resolved the United States' motion and directed entry of judgment pursuant to Rule 54(b) with respect to Vermont Yankee's claims. The trial court also amended its consolidation order "to permit ENVY to participate as a party in Vermont Yankee's appeal."

The court recently held that in a case involving claims concerning spent nuclear fuel brought by both the prior and current owner of a power station, the claims may be so intertwined that entry of a Rule 54(b) judgment as to just one plaintiff may be improper. See Boston Edison Co. v. United States, 2008-5066, -5070 (Order of Oct. 7, 2008); see also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8-10 (1980) (trial court may decide whether claims under review were separable from others remaining to be adjudicated and "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once if there were subsequent appeals"; court of appeals must "scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units"); W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Res. Assocs., Inc., 975 F.2d 858, 862 (Fed. Cir. 1992) ("[t]he separateness of the claims for relief, on the other hand, is a matter to be taken into account in reviewing the trial court's exercise of discretion in determining that there is no just reason to delay the appeal").

Because it appeared that Vermont Yankee's claims and ENVY's claims were intertwined, the court directed the parties to show cause whether the Rule 54(b) judgment was properly entered.

Vermont Yankee responds that the trial court's Rule 54(b) judgment was properly entered. Vermont Yankee contends that there is no risk that the court will be faced with the same contract interpretation issue again in a subsequent appeal. Entergy similarly contends that the court will not be faced with the same question in a subsequent appeal, making this case different from Boston Edison, because "this Court's resolution of the assignment issues will bind all parties, because Entergy is a party to the present appeal."

The United States indicates that ENVY and Vermont Yankee both sought the same reracking costs and costs related to the storage of spent nuclear fuel. Because of this, the United States contends, if this court reversed the trial court's judgment in Vermont Yankee, it would directly impact ENVY's lawsuit and its ability to recover the damages it seeks. Thus, the United States argues that the claims are intertwined and the trial court should not have entered judgment pursuant to Rule 54(b).

The court agrees with the United States that the claims of Vermont Yankee and ENVY are sufficiently intertwined that judgment pursuant to Rule 54(b) should not have been entered. Essentially, Vermont Yankee and ENVY have each claimed relief for the same alleged wrong, and each contends, and the trial court agreed, that pursuant to the Purchase and Sale Agreement only one of them can recover. Under these circumstances, the claims are too intertwined for entry of judgment pursuant to Rule

54(b) as to only one party and entry of judgment under Rule 54(b) was not proper. See W.L. Gore.

Accordingly,

IT IS ORDERED THAT:

(1)    The appeals are dismissed.

(2)    The case is remanded to the Court of Federal Claims with instructions to vacate the Rule 54(b) judgment.

(3)    All sides shall bear their own costs.

FOR THE COURT

SEP - 2 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Arnold Bradley Fagg, Esq.
       Richard J. Conway, Esq.
       Harold D. Lester, Jr., Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP - 2 2009

JAN HORBALY
CLERK